Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:         mark@markmerin.com
                    paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF ANTONIO THOMAS,
TAIJAH THOMAS, TAIONNAA THOMAS,
ANITA THOMAS, and ANTHONY WALLACE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF ANTONIO THOMAS, TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 50, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

ANTONIO THOMAS, a mentally-ill inmate at the Sacramento County Main Jail, was housed by jail staff employed by the COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and Sheriff SCOTT R. JONES, with a violent prisoner charged with murder who then murdered Mr. THOMAS.

## JURISDICTION & VENUE

1.      This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the

1

1   U.S. Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2          2.      Venue is proper in the United State District Court for the Eastern District of California

3   pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and

4   because many of the acts and/or omissions described herein occurred in the Eastern District of California.

5          3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of

6   California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or

7   omissions which occurred in the County of Sacramento, California.

8                                              **EXHAUSTION**

9          4.       ESTATE OF ANTONIO THOMAS, TAIJAH THOMAS, TAIONNAA THOMAS,

10  ANITA THOMAS, and ANTHONY WALLACE submitted a government claim to COUNTY OF

11  SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT regarding the claims

12  asserted herein on January 21, 2020. No response to the government claim was provided. The

13  government claim was rejected by March 11, 2020, as a matter of law. *See* Cal. Gov. Code § 912.4(c).

14                                               **PARTIES**

15         5.      Plaintiff ESTATE OF ANTONIO THOMAS, the decedent ("ANTONIO THOMAS"),

16  brings this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiffs TAIJAH THOMAS and

17  TAIONNAA THOMAS bring this action as successors-in-interest on behalf of Plaintiff ESTATE OF

18  ANTONIO THOMAS. Plaintiffs TAIJAH THOMAS and TAIONNAA THOMAS's declarations

19  regarding their status as ANTONIO THOMAS's successors-in-interest are attached hereto, pursuant to

20  Cal. Code Civ. Proc. § 377.32.

21         6.      Plaintiff TAIJAH THOMAS is a resident of the State of California, County of

22  Sacramento. Plaintiff TAIJAH THOMAS brings this action: (a) on behalf of Plaintiff ESTATE OF

23  ANTONIO THOMAS, in her representative capacity as a successor-in-interest; and (b) on behalf of

24  herself, in her individual capacity. Plaintiff TAIJAH THOMAS is the biological daughter of ANTONIO

25  THOMAS.

26         7.      Plaintiff TAIONNAA THOMAS is a resident of the State of California, County of

27  Sacramento. Plaintiff TAIONNAA THOMAS brings this action: (a) on behalf of Plaintiff ESTATE OF

28  ANTONIO THOMAS, in her representative capacity as a successor-in-interest; and (b) on behalf of

1   herself, in her individual capacity. Plaintiff TAIONNAA THOMAS is the biological daughter of

2   ANTONIO THOMAS.

3       8.    Plaintiff ANITA THOMAS is a resident of the State of California, County of Sacramento.

4   Plaintiff ANITA THOMAS is the biological mother of ANTONIO THOMAS.

5       9.    Plaintiff ANTHONY WALLACE is a resident of the State of Washington, County of

6   Kitsap. Plaintiff ANTHONY WALLACE is the biological father of ANTONIO THOMAS.

7       10.    Defendant COUNTY OF SACRAMENTO is a "public entity" within the definition of

8   Cal. Gov. Code § 811.2.

9       11.    Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity"

10  within the definition of Cal. Gov. Code § 811.2.

11      12.    Defendant SCOTT R. JONES was, at all times material herein, a law enforcement officer

12  and the Sheriff for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY

13  SHERIFF'S DEPARTMENT, acting within the scope of that employment. Defendant SCOTT R. JONES

14  is sued in his individual capacity.

15      13.    Defendants DOE 1 to 50 are and/or were agents or employees of Defendants COUNTY

16  OF SACRAMENTO and/or SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and acted within

17  the scope of that agency or employment and under color of state law. The true and correct names of

18  Defendants DOE 1 to 50 are not now known and, as a result, they are sued by their fictitious names and

19  true and correct names will be substituted when ascertained.

20      **<u>GENERAL ALLEGATIONS</u>**

21      14.    At all times relevant herein, all wrongful acts described were performed under color of

22  state law and/or in concert with or on behalf of those acting under the color of state law.

23      15.    ANTONIO THOMAS shared a close relationship and special bond with his daughters,

24  Plaintiffs TAIJAH THOMAS and TAIONNAA THOMAS, prior to his death, which included deep

25  attachments, commitments, and distinctively personal aspects of their lives. ANTONIO THOMAS's

26  relationship with Plaintiffs TAIJAH THOMAS and TAIONNAA THOMAS was typical of a loving

27  father-daughter relationship.

28      16.    ANTONIO THOMAS shared a close relationship and special bond with his mother,

Plaintiff ANITA THOMAS, prior to his death, which included deep attachments, commitments, and distinctively personal aspects of their lives. Plaintiff ANITA THOMAS's relationship with ANTONIO THOMAS was typical of a loving mother-son relationship. ANTONIO THOMAS would call and speak to Plaintiff ANITA THOMAS multiple times a day.

17.    ANTONIO THOMAS shared a close relationship and special bond with his father, Plaintiff ANTHONY WALLACE, prior to his death, which included deep attachments, commitments, and distinctively personal aspects of their lives. Plaintiff ANTHONY WALLACE's relationship with ANTONIO THOMAS was typical of a loving father-son relationship.

18.    ANTONIO THOMAS was a 39-year-old man suffering from mental-illness, including paranoia and bi-polar disorders. ANTONIO THOMAS had been formally diagnosed with mental-illness when he was a teenager and had been on medication for the majority of his life.

19.    ANTONIO THOMAS had been arrested on multiple occasions and taken into the custody of Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT at the Sacramento County Main Jail, where he was placed in the jail's medical unit because of his mental-illness, where he could be closely observed by jail staff and administered prescribed, psychoactive medications, if necessary. On other occasions, ANTONIO THOMAS was transported to psychiatric facilities such as Sierra Vista Hospital or U.C. Davis Medical Center for mental health treatment.

20.    On December 6, 2019, ANTONIO THOMAS was arrested for failing to check-in with his probation officer.

21.    ANTONIO THOMAS was taken into the custody of Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT at the Sacramento County Main Jail.

22.    Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's jail staff, including Defendants DOE 1 to 25, did not place ANTONIO THOMAS into the jail's medical unit on this occasion, as they had in the past.

23.    ANTONIO THOMAS was housed in the jail's general population.

24.    ANTONIO THOMAS was assigned to share a cell with a violent inmate suspected of murder.

25.    On December 10, 2019, ANTONIO THOMAS was brutally assaulted by the dangerous

4

inmate with whom he had been housed.

26.     On information and belief, Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's jail staff, including Defendants DOE 1 to 25, delayed coming to ANTONIO THOMAS's aid until he had suffered grievous injury at the hands of the inmate.

27.     ANTONIO THOMAS was transported to the U.C. Davis Medical Center, braindead.

28.     One of Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel contacted Plaintiff ANITA THOMAS sometime after the attack and requested her address.

29.     Plaintiff ANITA THOMAS provided her address, as requested, and asked if something was wrong. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel lied to Plaintiff ANITA THOMAS, stating: "Nobody's hurt, nobody's in trouble.

30.     Later, in December 2019, one of Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's detectives arrived at Plaintiff ANITA THOMAS's home.

31.     The detective told Plaintiff ANITA THOMAS that ANTONIO THOMAS was being hospitalized at U.C. Davis Medical Center and that medical staff had observed that he had no brain activity.

32.     ANTONIO THOMAS was comatose and in a vegetative state, following the injuries he sustained.

33.     Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE stayed by ANTONIO THOMAS's side, as he remained in a coma for approximately 42 days.

34.     On January 21, 2020, ANTONIO THOMAS was taken off of life-support and died.

## POLICY OR CUSTOM ALLEGATIONS

35.     Defendant SCOTT R. JONES, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT as it relates to the maintenance and operation of detention facilities, including Sacramento County Jail facilities; training, supervision, and discipline of law enforcement officers acting under his command; and the safekeeping of inmates/prisoners in his custody. *See* Cal. Const., art. XI, § 1(b); Cal. Pen. Code § 4000; Cal. Pen. Code § 4006; Cal. Gov. Code § 26605; Cal. Gov. Code § 26610.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Thomas v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

Defendant SCOTT R. JONES has served as Sheriff since December 2010.

36.     Defendants DOE 26 to 50 are/were policy-making authorities, based on a delegation of authority, for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT as it relates to the maintenance and operation of detention facilities, including Sacramento County Jail facilities, and training, supervision, and discipline of law enforcement officers acting under their command.

37.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50 maintain a policy or custom whereby their personnel, including Defendants DOE 1 to 25, fail to provide necessary medical treatment to inmates housed at Sacramento County Jail facilities; and/or fail to transfer inmates housed at Sacramento County Jail facilities to medical facilities where necessary medical treatment is available, where it is not available in Sacramento County Jail facilities. Specifically, inadequate training and supervision of staff at Sacramento County Jail facilities results in the following deficiencies:

     a.     Failure to provide inmates with access to medical care;

     b.     Failure to create and implement appropriate mental health treatment plans;

     c.     Failure appropriately to assign inmates suffering from mental-illness;

     d.     Failure to follow clinical judgments and recommendations;

     e.     Failure promptly to evaluate and transfer inmates to a psychiatric hospital who are gravely disabled or at risk of serious harm;

     f.     Failure to implement appropriate emergency treatment policies; and/or

     g.     Failure appropriately to staff and train personnel at Sacramento County Jail facilities to provide minimally-adequate treatment for inmates suffering from mental-illness.

38.     These policies or customs proximately caused the violation of Plaintiff ANTONIO THOMAS's civil and constitutional rights.

39.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50's deficient policies and customs are evidenced by, on information and belief, their failure to comply with the standards set forth by the National Commission on Correctional Health Care's ("NCCHC") "Standards for Health Services in Jails."

6

40.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50's deficient policies and customs are evidenced by numerous incidents where vulnerable inmates have been severely injured or killed while under their custody and care, in addition to ANTONIO THOMAS, including:

a.     On July 8, 2019, Bryan Debbs, a mentally-ill inmate suffering from schizophrenia, was attacked and severely injured by a fellow inmate at the Sacramento County Main Jail. On August 5, 2019, Bryan Debbs died as a result of his injuries. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT did not reveal that an inmate had been hospitalized from a fight, or that he had later died, until news media began asking questions about Bryan Debbs's death. (*See* <https://www.sacbee.com/news/local/crime/article239123253.html>.)

b.     On June 16, 2017, Clifton Harris, a gay inmate who had requested accommodation from the jail, was attacked and severely injured by a fellow inmate at the Sacramento County Main Jail, causing him to become comatose. On March 2, 2018, Clifton Harris died as a result of the injuries he sustained. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT did not inform Clifton Harris's family that he had been attacked and was in a coma until two weeks after the attack. (*See* <https://www.newsreview.com/sacramento/what-happened-to-our-brother/content?oid=26996966>.)

c.     On January 16, 2015, Choi Saeteurn, an inmate, was attacked and smothered with a blanket by his cellmate at the Sacramento County Main Jail. Mr. Saeteurn's motionless body was discovered by jail staff at approximately 5:38 a.m. but jail medical staff did not arrive until approximately 5:52 a.m. with an automated external defibrillator in attempt to resuscitate Mr. Saeteurn. Mr. Saeteurn died from blunt force injuries and asphyxia; he had contusions and lacerations throughout his head and body and fractures to his clavicle and ribs. (*See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Saeteurn_Choi.pdf>.)

d.     December 14, 2014, Edward Larson, an inmate, was attacked by his cellmate at the Sacramento County Main Jail and died of blunt force injuries. Nearby inmates heard Mr. Larson pleading, "Stop hitting me" or "Quit hitting me," but no staff came to his aid. Mr. Larson was discovered lying on the ground, motionless and non-responsive, at approximately 3:10 a.m. However, jail staff only returned to the cell with jail medical staff "a couple minutes" after 3:22 a.m. Additionally, on December

7

13, 2014, the day before the deadly assault, jail staff noticed red bruises on Mr. Larson's head but did not report the injuries. (*See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Larson_Edward-1.pdf>.)

      e.    On March 22, 2012, Carlos Aguirre, an inmate classified as being under protective custody, was attacked by a general population inmate at the Sacramento County Main Jail, when he was required by sheriff's deputies to travel through a stairwell with general population access, while the staff knew that general population inmates were present and had access to protective custody inmates. Thereafter, Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and its staff failed adequately to investigate the attack and failed to provide Mr. Aguirre with necessary medical attention. The resulting civil rights lawsuit was settled by Defendant COUNTY OF SACRAMENTO. (*Aguirre v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:12-cv-02165-TLN-KJN.)

      41.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50's deficient policies and customs are evidenced by jail staff's lax supervision of inmates and failure to provide necessary medical treatment, in numerous incidents where inmates were able to attempt and actually commit suicide, including:

      a.    On March 8, 2017, Tom Korrell, an inmate, was able to hang himself using a hand-made ligature fashioned from pieces of a ripped t-shirt at the Sacramento County Main Jail. Mr. Korrell began strangling himself at approximately 12:35 a.m. and his body stopped moving a few minutes later. Mr. Korrell was not discovered by jail staff until nearly an hour later, when Mr. Korrell's cellmate alerted staff at 1:20 a.m. (*See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Korrell_Tom.pdf>.)

      b.    On January 6, 2017, Jonathan Carroll, an inmate, was able to hang himself using a hand-made ligature fashioned from pieces of string and ripped clothing at the Sacramento County Main Jail. Mr. Carroll was discovered motionless and non-responsive at approximately 4:18 a.m. However, it is unknown for how long Mr. Carroll had been dead before being discovered, or when jail staff last checked-on Mr. Carroll before he was discovered dead. (*See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Carroll_Jonathan.pdf>.)

c.      On November 2, 2016, Brian Guerin, an inmate, was able to hang himself using a hand-made ligature fashioned from pieces of torn blanket at the Sacramento County Main Jail. Mr. Guerin's body was discovered by jail staff at approximately 3:28 a.m. However, it is unknown for how long Mr. Guerin had been dead before being discovered, where jail staff last check his cell more than an hour earlier at approximately 2:20 a.m. (*See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Guerin_Brian.pdf>.)

d.      On August 1, 2015, Joshua Gonder, an inmate, was able to hang himself using a hand-made ligature fashioned from pieces of a torn t-shirt at the Sacramento County Main Jail. Mr. Gonder was discovered at approximately 7:07 p.m. However, Mr. Gonder had covered the surveillance camera in his cell with wet toilet paper prior to hanging himself and, on information and belief, jail staff failed to investigate the inability to surveil Mr. Gonder. (*See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Gonder_Joshua.pdf>.)

42.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50's deficient policies and customs are evidenced by numerous and significant settlements in actions where indifference to inmates' needs for necessary medical treatment were alleged, including:

a.      In *Mays v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:18-cv-02081-TLN-KJN, the plaintiffs alleged numerous "dangerous, inhumane and degrading conditions" at jail facilities operated by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT. Defendant COUNTY OF SACRAMENTO settled the case in June 2019, agreeing to millions of dollars'-worth of changes to jail staffing, facilities, inmate health services, and custodial practices, including the creation and enforcement of polices and trainings that ensure compliance with Americans with Disabilities Act ("ADA") requirements, and improving the delivery of medical care through timely referrals, responses to requests for care and medication disbursement, chronic care treatment plans, appropriate clinic space, and staff training. (*See* <https://www.sacbee.com/news/local/article231792088.html>.)

b.      In *Estate of Scott v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:13-cv-00024-GEB-KJN, the plaintiff died from untreated vomiting

9

which resulted from unchecked bleeding caused by esophageal tears at the Sacramento County Main Jail. The plaintiffs alleged that the decedent was sick and vomiting, coughing and spitting-up blood, from the morning of January 6, 2012, until his death later that evening, but that, despite the decedent's numerous pleas for medical attention made to multiple jail staff members, no medical attention was provided. The resulting civil rights lawsuit was settled by Defendant COUNTY OF SACRAMENTO.

c.       In *Cain v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:17-cv-00848-JAM-DB, the plaintiff alleged that he was beaten by a police officer and transported to the Sacramento County Main Jail. Jail staff did not offer or provide necessary medical care to the visibility-injured plaintiff, but, rather, placed him in an isolation cell where he was subsequently attacked by multiple jail staff members. The resulting civil rights lawsuit was settled by Defendant COUNTY OF SACRAMENTO.

d.       In *Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:17-cv-02698-WBS-EFB, the plaintiff alleged that, after a sheriff's deputy intentionally broken his arm during jail intake, he was placed in a "sobering" cell. The plaintiff requested, and was denied, immediate medical attention. The deputy responsible for breaking his arm opened the cover of the cell's viewing portal, pointed at the plaintiff, and laughed. The plaintiff filed a citizen complaint with Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT against the deputy. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT "Exonerated" the deputy of the allegations of misconduct [2017PSB-814]. The resulting civil rights lawsuit was settled by Defendant COUNTY OF SACRAMENTO.

e.       In *Mayfield v. Orozco*, United States District Court, Eastern District of California, Case No. 2:13-cv-02499-JAM-AC, the plaintiff alleged that he was diagnosed with serious mental illness and, as a result, was identified by jail staff as a suicide risk but, despite this knowledge, failed to be provided with necessary mental care in the jail. After being beaten by a jail staff member, the plaintiff attempted to commit suicide in his cell, causing a significant spinal injury that left him paralyzed and cognitively impaired. The resulting civil rights lawsuit was settled by Defendant COUNTY OF SACRAMENTO.

f.       In The Sacramento Bee article, *Questions Persist Over Jail Health Care* (Dec. 18,

10

2005) (<http://www.parentadvocates.org/nicecontent/dsp_printable.cfm?articleID=6557>), numerous incidents of Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and jail staff's failure to provide inmates' necessary treatment and care are documented.

43.     On information and belief, Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50 did not meaningfully discipline, re-train, or otherwise penalize any of the law enforcement officers under their command involved in the incidents described, including the deaths of ANTONIO THOMAS, Bryan Debbs, Clifton Harris, Choi Saeteurn, Edward Larson, Tom Korrell, Jonathan Carroll, Brian Guerin, Joshua Gonder, and Mark Scott.

44.     On information and belief, Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50 routinely failed to hold subordinates accountable for violations of law or policies and/or acquiesced in the violations, creating an environment where personnel believe they can "get away with anything."

45.     On information and belief, Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50 were aware of the multiple settlements, prior incidents, and prior complaints.

46.     On information and belief, despite knowledge of these numerous incidents and systematic problems at Sacramento County Jail facilities, Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50 perpetuated the problem by knowingly turning a blind eye to the abuses and have ignored or refused to investigate complaints of subordinate misconduct, acquiescing to and implicitly condoning the misconduct through a culture of impunity. These allegations are supported by The Sacramento Bee's recent reporting on misconduct at Sacramento County Jail facilities. (*See*, *e.g.*, <https://www.sacbee.com/opinion/article238722483.html> ("Memo to Sheriff Jones: Abusive deputies should be fired and charged, not protected").) Additionally, Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT R. JONES affirmatively seek to avoid laws requiring disclosure of incidents which could reflect misconduct by their personnel. (*See*, *e.g.*, <https://www.sacbee.com/news/local/crime/article240513976.html> (Judge finds Sacramento Sheriff

11

1   still fails to comply with law on disclosing deputy files).)

2        47.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

3   DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50 were or should have been on notice regarding

4   the need to discontinue, modify, or implement new and different versions of the deficient policies or

5   customs because the inadequacies were so obvious and likely to result in the violation of rights of

6   inmates housed at Sacramento County Jail facilities under their command.

7   **<u>FIRST CLAIM</u>**

8   **Failure to Protect**

9   **(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

10        48.    This Claim is asserted by Plaintiff ESTATE OF ANTONIO THOMAS (pursuant to Cal.

11   Code Civ. Proc. § 377.30) against Defendants COUNTY OF SACRAMENTO, SACRAMENTO

12   COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 50.

13        49.    Plaintiff ESTATE OF ANTONIO THOMAS realleges and incorporates the allegations of

14   the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

15        50.    Defendants DOE 1 to 25, acting or purporting to act in the performance of their official

16   duties as law enforcement officers, intentionally refused to provide ANTONIO THOMAS with necessary

17   medical care or treatment, refused to transfer ANTONIO THOMAS to a mental health facility that could

18   provide such necessary care or treatment, or intentionally placed ANTONIO THOMAS with a dangerous

19   cellmate, putting ANTONIO THOMAS at substantial risk of suffering serious harm, and did not take

20   reasonable available measures to abate that risk, where a reasonable official in the circumstances would

21   have appreciated the high degree of risk involved, resulting in the violation of ANTONIO THOMAS's

22   rights protected by the Fourteenth Amendment to the U.S. Constitution.

23        51.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

24   DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50, acting under color of state law and as policy-

25   making authorities, knew or should have known that law enforcement officers under their command,

26   including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from

27   either the lack of proper training, pursuant to policy, or the result of the lack of policy, resulting in the

28   violation of ANTONIO THOMAS's rights protected by the Fourteenth Amendment to the U.S.

12

Constitution.

52.    Defendants SCOTT R. JONES and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to ANTONIO THOMAS's constitutional rights, or were wantonly or oppressively done.

53.    As a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 50's actions and inactions, ANTONIO THOMAS suffered injuries entitling Plaintiff ESTATE OF ANTONIO THOMAS to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 50; and punitive damages against Defendants SCOTT R. JONES and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF ANTONIO THOMAS prays for relief as hereunder appears.

## SECOND CLAIM

### Right to Familial Association

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

54.    This Claim is asserted by Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE against Defendants DOE 1 to 25.

55.    Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE reallege and incorporate the allegations of the preceding paragraphs 1 to 34, to the extent relevant, as if fully set forth in this Claim.

56.    Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally refused to provide ANTONIO THOMAS with necessary medical care or treatment, refused to transfer ANTONIO THOMAS to a mental health facility that could provide such necessary care or treatment, or intentionally placed ANTONIO THOMAS with a dangerous cellmate, putting ANTONIO THOMAS at substantial risk of suffering serious harm, and did not take reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, resulting in the violation of ANTONIO THOMAS's rights protected by the Fourteenth Amendment to the U.S. Constitution. Defendants DOE 1 to 25's

13

conduct shocks the conscience, resulting in the violation of Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE's rights protected by the Fourteenth Amendment to the U.S. Constitution.

57.     Defendant DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference of Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE's constitutional rights, or were wantonly or oppressively done.

58.     As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE suffered injuries entitling them to receive compensatory and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE pray for relief as hereunder appears.

## THIRD CLAIM

### Right to Familial Association

### (U.S. Const., Amend. I; 42 U.S.C. § 1983)

59.     This Claim is asserted by Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE against Defendants DOE 1 to 25.

60.     Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE reallege and incorporate the allegations of the preceding paragraphs 1 to 34, to the extent relevant, as if fully set forth in this Claim.

61.     Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally refused to provide ANTONIO THOMAS with necessary medical care or treatment, refused to transfer ANTONIO THOMAS to a mental health facility that could provide such necessary care or treatment, or intentionally placed ANTONIO THOMAS with a dangerous cellmate, putting ANTONIO THOMAS at substantial risk of suffering serious harm, and did not take reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, resulting in the violation of ANTONIO THOMAS's

14

rights protected by the Fourteenth Amendment to the U.S. Constitution. Defendants DOE 1 to 25's conduct shocks the conscience, resulting in the violation of Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE's rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

62.     Defendant DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference of Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE's constitutional rights, or were wantonly or oppressively done.

63.     As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE suffered injuries entitling them to receive compensatory and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiffs TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE pray for relief as hereunder appears.

## FOURTH CLAIM

### Rehabilitation Act

### (29 U.S.C. § 701, *et seq.*)

64.     This Claim is asserted by Plaintiff ESTATE OF ANTONIO THOMAS (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

65.     Plaintiff ESTATE OF ANTONIO THOMAS realleges and incorporates the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

66.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are each a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Upon information and belief, Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT receive federal financial assistance. ANTONIO THOMAS, at all times material herein, was regarded as having a physical or mental impairment that substantially limited one or more major life activities; or perceived to have a physical or

15

mental impairment.

67.     Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally refused to provide ANTONIO THOMAS with necessary medical care or treatment, refused to transfer ANTONIO THOMAS to a mental health facility that could provide such necessary care or treatment, or intentionally placed ANTONIO THOMAS with a dangerous cellmate, putting ANTONIO THOMAS at substantial risk of suffering serious harm, and did not take reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, resulting in the violation of ANTONIO THOMAS's rights protected by the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.

68.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, resulting in the violation of ANTONIO THOMAS's rights protected by the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.

69.     Defendants SCOTT R. JONES and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to ANTONIO THOMAS's statutory rights, or were wantonly or oppressively done.

70.     As a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 50's actions and inactions, ANTONIO THOMAS suffered injuries entitling Plaintiff ESTATE OF ANTONIO THOMAS to receive nominal, compensatory, and punitive damages against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF ANTONIO THOMAS prays for relief as hereunder appears.

\ \ \

\ \ \

\ \ \

## FIFTH CLAIM

### Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

71.     This Claim is asserted by Plaintiff ESTATE OF ANTONIO THOMAS (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

72.     Plaintiff ESTATE OF ANTONIO THOMAS realleges and incorporates the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

73.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are each a "public entity" within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104. ANTONIO THOMAS, at all times material herein, was regarded as having a physical or mental impairment that substantially limited one or more major life activities; or perceived to have a physical or mental impairment.

74.     Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally refused to provide ANTONIO THOMAS with necessary medical care or treatment, refused to transfer ANTONIO THOMAS to a mental health facility that could provide such necessary care or treatment, or intentionally placed ANTONIO THOMAS with a dangerous cellmate, putting ANTONIO THOMAS at substantial risk of suffering serious harm, and did not take reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, resulting in the violation of ANTONIO THOMAS's rights protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

75.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, resulting in the violation of ANTONIO THOMAS's rights protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

76.     Defendants SCOTT R. JONES and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to ANTONIO THOMAS's statutory rights, or were wantonly or oppressively done.

77.     As a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 50's actions and inactions, ANTONIO THOMAS suffered injuries entitling Plaintiff ESTATE OF ANTONIO THOMAS to receive nominal, compensatory, and punitive damages against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF ANTONIO THOMAS prays for relief as hereunder appears.

### SIXTH CLAIM

**Right to Medical Care / Treatment**

**(Cal. Gov. Code § 845.6)**

78.     This Claim is asserted by Plaintiff ESTATE OF ANTONIO THOMAS (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 50.

79.     Plaintiff ESTATE OF ANTONIO THOMAS realleges and incorporates the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

80.     Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, knew or had reason to know that ANTONIO THOMAS was in need of immediate medical care and failed to take reasonable action to summon such medical care.

81.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of ANTONIO THOMAS's rights protected by Cal. Gov. Code § 845.6.

82.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), and 845.6 for injuries proximately caused by the acts and omissions of

18

their employees acting within the scope of their employment, including Defendants SCOTT R. JONES and DOE 1 to 50.

83.     Defendants SCOTT R. JONES and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to ANTONIO THOMAS.

84.     As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, ANTONIO THOMAS suffered injuries entitling Plaintiff ESTATE OF ANTONIO THOMAS to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 50; and punitive damages against Defendants SCOTT R. JONES and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF ANTONIO THOMAS prays for relief as hereunder appears.

## SEVENTH CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1)

85.     This Claim is asserted by Plaintiff ESTATE OF ANTONIO THOMAS (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants SCOTT R. JONES and DOE 1 to 50.

86.     Plaintiff ESTATE OF ANTONIO THOMAS realleges and incorporates the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

87.     Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers:

a.     intentionally refused to provide ANTONIO THOMAS with necessary medical care or treatment, refused to transfer ANTONIO THOMAS to a mental health facility that could provide such necessary care or treatment, or intentionally placed ANTONIO THOMAS with a dangerous cellmate, putting ANTONIO THOMAS at substantial risk of suffering serious harm, and did not take reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive ANTONIO THOMAS of his statutory and constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution; art. I, § 7(a) of the California Constitution; the

19

Rehabilitation Act, 29 U.S.C. § 701, *et seq*.; and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.; and/or

          b.     knew or had reason to know that ANTONIO THOMAS was in need of immediate medical care and failed to take reasonable action to summon such medical care, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive ANTONIO THOMAS of his statutory rights protected by Cal. Gov. Code § 845.6.

88.     Defendants SCOTT R. JONES and DOE 26 to 50, acting under color of state law and as policy-making authorities knew or should have known that law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive ANTONIO THOMAS of his statutory and constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution; art. I, § 7(a) of the California Constitution; the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.; the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.; and Cal. Gov. Code § 845.6.

89.     Defendants SCOTT R. JONES and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to ANTONIO THOMAS.

90.     As a direct and proximate result of Defendants SCOTT R. JONES and DOE 1 to 50's actions and inactions, ANTONIO THOMAS suffered injuries entitling Plaintiff ESTATE OF ANTONIO THOMAS to receive compensatory damages, punitive damages, treble damages, and civil penalties against Defendants SCOTT R. JONES and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF ANTONIO THOMAS prays for relief as hereunder appears.

## EIGHTH CLAIM

### Negligence

91.     This Claim is asserted by Plaintiff ESTATE OF ANTONIO THOMAS (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants SCOTT R. JONES and DOE 1 to 50.

92.     Plaintiff ESTATE OF ANTONIO THOMAS realleges and incorporates the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

20

93.     Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, owed ANTONIO THOMAS a duty of care and breached that duty, including by:

      a.     failing to protect ANTONIO THOMAS, despite the existence of a special relationship;

      b.     failing to provide ANTONIO THOMAS with necessary medical care or treatment;

      c.     failing to transfer ANTONIO THOMAS to a mental health facility that could provide such necessary care or treatment;

      d.     placing ANTONIO THOMAS with a dangerous cellmate;

      e.     putting ANTONIO THOMAS at substantial risk of suffering serious harm and failing to take reasonable available measures to abate that risk; and/or

      f.     knowing or having reason to know that ANTONIO THOMAS was in need of immediate medical care and failing to take reasonable action to summon such medical care, pursuant to Cal. Gov. Code § 845.6.

94.     Defendants SCOTT R. JONES and DOE 26 to 50, acting under color of state law and as policy-making authorities, owed ANTONIO THOMAS a duty of care and breached that duty, including by:

      a.     failing to protect ANTONIO THOMAS, despite the existence of a special relationship; and/or

      b.     inadequately training, supervising, or disciplining law enforcement officers under their command, including Defendants DOE 1 to 25, resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy.

95.     Defendants SCOTT R. JONES and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff ANTONIO THOMAS.

96.     As a direct and proximate result of Defendants SCOTT R. JONES and DOE 1 to 50's actions and inactions, ANTONIO THOMAS suffered injuries entitling Plaintiff ESTATE OF ANTONIO THOMAS to receive compensatory and punitive damages against SCOTT R. JONES and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF ANTONIO THOMAS prays for relief as hereunder

21

appears.

## NINTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

97.     This Claim is asserted by Plaintiffs TAIJAH THOMAS and TAIONNAA THOMAS against Defendants SCOTT R. JONES and DOE 1 to 50.

98.     Plaintiffs TAIJAH THOMAS and TAIONNAA THOMAS reallege and incorporate the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

99.     Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in the following wrongful act or neglect which caused ANTONIO THOMAS's death:

         a.     failing to protect ANTONIO THOMAS, despite the existence of a special relationship;

         b.     failing to provide ANTONIO THOMAS with necessary medical care or treatment;

         c.     failing to transfer ANTONIO THOMAS to a mental health facility that could provide such necessary care or treatment;

         d.     placing ANTONIO THOMAS with a dangerous cellmate;

         e.     putting ANTONIO THOMAS at substantial risk of suffering serious harm and failing to take reasonable available measures to abate that risk; and/or

         f.     knowing or having reason to know that ANTONIO THOMAS was in need of immediate medical care and failing to take reasonable action to summon such medical care, pursuant to Cal. Gov. Code § 845.6.

100.    Defendants SCOTT R. JONES and DOE 26 to 50, acting under color of state law and as policy-making authorities, engaged in the following wrongful act or neglect which caused ANTONIO THOMAS's death:

         a.     failing to protect ANTONIO THOMAS, despite the existence of a special relationship; and/or

         b.     inadequately training, supervising, or disciplining law enforcement officers under

22

their command, including Defendants DOE 1 to 25, resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy.

101.    Defendants SCOTT R. JONES and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs TAIJAH THOMAS and TAIONNAA THOMAS.

102.    As a direct and proximate result of Defendants SCOTT R. JONES and DOE 1 to 50's actions and inactions, Plaintiffs TAIJAH THOMAS and TAIONNAA THOMAS suffered injuries entitling them to receive compensatory and punitive damages against Defendants SCOTT R. JONES and DOE 1 to 50.

WHEREFORE, Plaintiffs TAIJAH THOMAS and TAIONNAA THOMAS pray for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF ANTONIO THOMAS, TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE seek Judgment as follows:

1.    For an award of nominal, compensatory, general, and special damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 50, according to proof at trial;

2.    For an award of exemplary/punitive damages against SCOTT R. JONES and DOE 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.    For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants SCOTT R. JONES and DOE 1 to 50, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable;

4.    For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

23

5.    For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: May 3, 2020                       Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:      (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF ANTONIO THOMAS,
TAIJAH THOMAS, TAIONNAA THOMAS,
ANITA THOMAS, and ANTHONY WALLACE

24

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Thomas v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

## **JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF ANTONIO THOMAS, TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE.

Dated: May 3, 2020

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF ANTONIO THOMAS,
TAIJAH THOMAS, TAIONNAA THOMAS,
ANITA THOMAS, and ANTHONY WALLACE

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Thomas v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____