UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANTONIO THOMAS, et al., | No. 2:20-cv-0903 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO et al., | |
| Defendants. | |

On September 14, 2020, this matter came before the assigned District Judge for a Status Conference. (ECF No. 14.) At that hearing the assigned District Judge ordered the parties to attempt to reach an agreement on a proposed protective order and, if an agreement could not be reach, to submit separate briefing. The parties did not reach an agreement.

Accordingly, defendants filed a proposed protective order on September 28, 2020. (ECF No. 17.) Plaintiffs filed a response on September 30, 2020, opposing entry of defendants' proposed protective order, or any protective order. (ECF No. 19.) The matter has been referred to the undersigned pursuant to Local Rule 302(c)(1).

"It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc. v. U.S. Dist. Court-- Northern Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999). However, "Federal Rule of Civil

1

Procedure 26(c) states that when a party or other person from whom discovery is sought makes a motion asserting good cause for a protective order, 'the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' based on any of several listed reasons." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (quoting Fed. R. Civ. P. 26(c)). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Id. at 1130; see also In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) ("The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted.").

"A demonstration of good cause embodies a showing (1) that the documents in question truly are confidential and (2) that disclosure of the documents would cause a 'clearly defined and very serious injury.'" Traveler's Ins. Co. v. Allied-Signal Inc. Master Pension Trust, 145 F.R.D. 17, 18 (D. Conn. 1992) (quoting United States v. International Business Machines Corp., 67 F.R.D. 40, 46 (S.D. N.Y. 1975)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986). "The moving party must present a factual showing of a particular and specific need for the protective order." Welsh v. City and County of San Francisco, 887 F. Supp. 1293, 1297 (N.D. Cal. 1995).

Here, all that is before the undersigned are defendants' proposed protective order and plaintiffs' opposition. Defendants have not provided briefing addressing the burden articulated above. Under these circumstances, the undersigned cannot find that defendants have satisfied their burden. Therefore, the undersigned will not approve defendants' proposed protective order at this time.

However, there is also no pending motion to compel before the undersigned. Therefore, the undersigned will not order defendants to produce any documents. This order is entered without prejudice to renewal of this issue by either party, either by way of motion to compel or

motion for a protective order. Plaintiffs are advised, however, to consider that even upon the presentation of a successful motion to compel "to handle much of the sensitive information at issue here, courts have routinely endorsed the use of protective orders to prevent disclosure to the general public rather than condone nondisclosure." Macias v. City of Clovis, CASE NO. 1:13-CV-1819 BAM, 2015 WL 7282841, at *6 (E.D. Cal. Nov. 18, 2015). See, e.g., Cathey v. City of Vallejo, No. 2:14-cv-1749 JAM AC, 2016 WL 792783, at *8 (E.D. Cal. Mar. 1, 2016) ("court finds that in light of the sensitive, personal information contained in Officer Brown's personnel records, defendants have shown good cause for subjecting these documents to the protective order"); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential.").

Moreover, it is unclear to the undersigned why plaintiffs refuse to enter into a stipulated protective order. Doing so would allow plaintiffs access to the documents at issue. After conducting a review of those documents, plaintiffs could elect to challenge any document's protected status if appropriate. If defendants opposed release of a document from the stipulated protective order they would have the burden of establishing good cause to continue the protection. See In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d at 424.

IT IS SO ORDERED.

DATED: October 28, 2020                /s/ DEBORAH BARNES
                                       UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/thomas0903.prot.ord