UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANTONIO THOMAS, et al., | No. 2:20-cv-0903 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO et al., | |
| Defendants. | |

This matter came before the undersigned on March 5, 2021, for hearing of plaintiffs' motion to compel and defendants' motion for a protective order pursuant to Local Rule 302(c)(1). (ECF No. 36.) Attorney Paul Masuhara appeared via Zoom on behalf of plaintiffs. Attorney Carl Fessenden appeared via Zoom on behalf of defendants.

Plaintiffs seek to compel the production of documents "identified as 'Antonio Thomas's custody file[.]'" (Pl.'s JS (ECF No. 34) at 2.) Defendants do "not object to the production" of the requested discovery. (Defs.' JS (ECF No. 35) at 3.) To the contrary, defendants agree that the documents are discoverable and have already produced a responsive portion with redactions. (Id.) As to the remainder of the documents, defendants assert they should be produced pursuant to a protective order. (Id.) Plaintiffs' oppose defendants' request and seek an order directing defendants to produce the responsive documents. (Pls.' JS (ECF No. 34) at 4.)

////

1

"A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); see also In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) ("The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted.").

"A demonstration of good cause embodies a showing (1) that the documents in question truly are confidential and (2) that disclosure of the documents would cause a 'clearly defined and very serious injury.'" Traveler's Ins. Co. v. Allied-Signal Inc. Master Pension Trust, 145 F.R.D. 17, 18 (D. Conn. 1992) (quoting United States v. International Business Machines Corp., 67 F.R.D. 40, 46 (S.D. N.Y. 1975)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986). "The moving party must present a factual showing of a particular and specific need for the protective order." Welsh v. City and County of San Francisco, 887 F. Supp. 1293, 1297 (N.D. Cal. 1995). In this regard, "[t]hat showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." Deford v. Schmid Products Co., a Div. of Schmid Laboratories, Inc., 120 F.R.D. 648, 653 (D. Md. 1987).

Here, defendants' request is supported by an affidavit from Sacramento County Sherriff's Department Lieutenant Mark Lopez that provides a specific demonstration of fact and concrete examples. Lieutenant Lopez declares that he has been in this position for 1 year.[1] (Decl. Lopez (ECF No. 31-2) at 1.) Lieutenant Lopez declares that he has reviewed the responsive documents and identified the individual documents that in his belief "must be designate as confidential

---

[1] Part of plaintiffs' argument in opposition is the assertion that these documents cannot be confidential because the defendants previously disclosed "the same types of documents" in prior actions without a protective order. (Defs.' JS (ECF No. 35) at 19.) However, Lieutenant Lopez has only held his position for one-year. Circumstances, technology, experiences, etc., may change. The undersigned does not wish to penalize a party for attempting to proceed first with the most transparent discovery process possible nor incentive parties to elect to always proceed via a more restrictive means lest they be penalized in the future.

because they contain specific information, that if disclosed to the public, could not only jeopardize the health and safety of inmates and jail personnel, but also significantly impact the jail's efficiency." (Id. at 3.)

As examples, Lieutenant Lopez explains how some documents contain "specific information concerning the intake and jail cell check process[.]" (Id.) How other identified documents "contain specific[s] concerning the classification system/process of the jail." (Id.) Lopez explains that public knowledge of this information "would allow those entering the jail a greater ability to manipulate the system to their own advantage," and could hamper proper placement in medical and psych cells, as well as effective cell checks. (Id. at 4.)

Accordingly, for the reasons stated above, at the March 5, 2021 hearing, and in the parties' briefing, the undersigned finds that defendants have made the necessary good cause showing. See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) ("the law . . . gives district courts broad latitude to grant protective orders"); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison).

## CONCLUSION

Upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiffs' January 29, 2021 motion to compel (ECF No. 30) is denied;

2. Defendants' January 29, 2021 renewed motion for a protective order (ECF No. 31) is granted;

3. The parties shall meet and confer regarding the language of an agreed upon protective order;

4. Within twenty-one days defendants shall file either an agreed upon protective order or defendants' proposed protective order; and

////

////

5.  If defendants file a proposed protective order, plaintiffs may file an opposition within seven days.[2]

Dated:  March 9, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/thomas0903.oah.030521

---

[2] Plaintiffs' opposition shall address the specifics of defendants' proposed protective order and not rehash the need for the protective order or the undersigned's good cause finding.