UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of Antonio Thomas, et al., | No. 2:20-cv-00903-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

Plaintiffs move for reconsideration of the magistrate judge's March 21, 2021 order denying plaintiffs' motion to compel discovery and granting defendants' motion for a protective order. As explained in more detail below, **the motion is denied**.

I.     **FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

Antonio Thomas, a 39-year-old man, suffering from mental-illness, was taken into custody of defendant Sacramento County Sheriff's Department at the Sacramento County Main Jail where he was housed in the jail's general population. *See* Compl. ¶¶ 20–23. Mr. Thomas was assigned to share a cell with another inmate. *Id*. ¶ 24. On December 10, 2019, Mr. Thomas was brutally assaulted by his cellmate, and discovered later by jail staff. *Id*. ¶¶ 24–25. He was hospitalized, *see id*. ¶ 31; medical staff observed he had no brain activity, *id*. Mr. Thomas remained comatose for approximately 42 days before he was taken off life support and died. *Id*. ¶¶ 31–34.

1

Soon after Mr. Thomas's death, plaintiffs brought this suit under 42 U.S.C. § 1983 alleging: (1) defendants' failure to protect Mr. Thomas and intentionally refusing to transfer Mr. Thomas to a mental health facility that could provide him with the necessary treatment, and (2) not taking reasonable measures to abate Mr. Thomas's risk of suffering serious harm when placing him with a dangerous cellmate. *See generally* Compl. Plaintiffs also assert a Rehabilitation Act claim and an Americans with Disabilities Act claim. *Id*. ¶¶ 64–70; *id*. ¶¶ 71–77. Plaintiffs also assert four state law claims against defendants: (1) Right to Medical Care/Treatment, Cal. Gov't Code § 845.6, (2) Bane Act, Cal Civ. Code § 52.1, (3) Negligence, and (4) Wrongful death, Cal. Code Civ. Proc. § 377.60. *See generally id*. Plaintiffs seek actual, nominal, compensatory and punitive damages. *Id*. at 23 (Prayer for Relief).

On January 27, 2021, defendants produced certain custody file documents to plaintiffs in response to discovery requests, after extended meet and confer sessions and conferences with the court. ECF Nos. 15, 28, 33, 36. On January 29, 2021, plaintiffs filed a motion to compel production of the remainder of the documents, including "Antonio Thomas's custody file" dated August 27, 2020. Mot. to Compel, ECF No. 30. Defendants have withheld these documents, taking the position they require a blanket protective order first. Jt. Statement at 4, ECF No. 34. In resolving plaintiffs' motion to compel, the magistrate judge concluded defendants made the necessary good cause showing for the court to issue a protective order covering discovery documents containing information that implicate the safety and security of the prison. MJ Order at 3, ECF No. 30 (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002)). The magistrate judge declined plaintiffs' request for unredacted disclosures and denied their motion to compel. *Id.* At the same time, the magistrate judge granted defendants' January 29, 2021 renewed motion for a protective order. *See id*.

Plaintiffs seek reconsideration of the magistrate judge's ruling. Mot. for Recon., ECF No. 41. Defendants oppose the motion, which is fully briefed. *See* Opp'n, ECF No. 42. Plaintiffs then filed a request to consider new authority, ECF No. 46, to which defendant responded, Reply, ECF No. 48. On April 27, 2021, the court submitted the matter without oral argument. *See* Minutes, ECF No. 50. The court addresses the motion here.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) requires that district judges consider timely objections to nondispositive pretrial orders issued by magistrate judges and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. R. 303(f). A magistrate judge's decision is "'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [an] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014); 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) (noting "'contrary to law' appears to invite plenary review," though "many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust,* 508 U.S. 602, 622 (1993) (alteration in original) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623.

## III. ANALYSIS

Plaintiffs contend the magistrate judge's factual finding that Lt. Mark Lopez's declaration "provides a specific demonstration of fact and concrete examples" sufficient to satisfy Federal Rule of Civil Procedure 26(c)'s "good cause" standard to grant the protective order is clearly erroneous. Mot. for Recon. at 12; *see* MJ Order at 2 (citing Lt. Lopez Decl. at 1, ECF No. 31-2). Defendants argue the instant motion misrepresents the record, *see* Opp'n at 5; in addition to Lt. Lopez's declaration, defendants produced an index specifying the documents comprising Mr. Thomas's custody and classification files that they say need protection, including "how records of cell checks are kept, and what kinds of notes are maintained regarding inmates," *id.* at 6. In light of the magistrate judge's order explaining the law she applied, the evidence she considered, the reasoning underlying her decision and the process she contemplates, the court denies plaintiffs' motion to reconsider.

As the Ninth Circuit explained in *Phillips ex rel. Ests. of Byrd*, Rule 26(c) provides that "[u]pon motion by a party or by a person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) (summarizing Fed. R. Civ. P. 26(c)(1)). For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *see also San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that to obtain protective order party must make "particularized showing of good cause with respect to any individual document").

In denying plaintiffs' motion to compel, the magistrate judge considered Lieutenant Lopez's explanation of how making public knowledge of the intake and jail cell check process "would allow those entering the jail a greater ability to manipulate the system to their own advantage . . . and could hamper proper placement in medical and psych cells, as well as effective cell checks." MJ Order at 3; *see generally* Lt. Lopez Decl. Plaintiffs argue the jail's custody and classification policies are public records, *see* Reply at 2 (citing Ex. A at 5, *Holloway v. County of Orange et al.*, C.D. Cal. Case No. 8:19-cv-01514 (April 2, 2021), ECF No. 46), and defendants' longstanding practice has been to produce inmate's custody and classification files in discovery without a protective order, *see* Mot. for Recon. at 16. The court considers the record only in this case, and defendants here effectively distinguish this case from *Holloway*. In *Holloway*, defendants did not meet their "good cause" burden because information about "third parties . . . and their names [were] in the public domain in the criminal complaint." *Holloway*, No. 8:19-cv-01514 at 4; Reply at 2. In contrast, defendants here have identified certain categories of information by document name as confidential and not in the public record; the document names themselves do not raise an obvious red flag regarding defendants' characterization. *See* Lt. Lopez

4

Decl. ¶¶ 9-10 (custody file documents including intake classification and screening forms, special needs form and jail locator card), ¶ 11 (classification file documents including address and email address lists, phone numbers, contact information, medical providers and treatment information); *see also id*. Ex. A (custody and classification file index). At the same time, defendants have identified documents in the custody file that are not confidential; even if these documents contain some sensitive information defendants represent that information can be redacted prior to disclosure and the court assumes they have produced these documents. In sum, on this record, the magistrate judge could reasonably find that defendants have shown "good cause" exists for protecting certain information in Antonio Thomas's custody and classification files, which are not fully in the public domain, taking account of the institutional concern that harm could result from exposing all the contents of his files to the public. *See Phillips ex rel. Ests. of Byrd*, 307 F.3d at 1211 ("If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary."); MJ Order (citing Lt. Lopez Decl. ¶¶ 13–16).

Importantly, at the motion hearing she held, the magistrate judge explained the protective order "lays the groundwork for then [sic] disputes over specific documents where [plaintiffs] could say, 'No, this shouldn't be subject to a protective order,'" March 5 Hr'g Tr. at 5:8–19, ECF No. 40; *see id*. at 6:5–15 (noting plaintiffs refer to list they received from defendants, which undercuts their "very own argument that there's been no . . . showing of individual documents that could be subject to a list."). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Rule 26 specifically permits a court to "limit[] the scope of disclosure or discovery to certain matters." *See* Fed. R. Civ. P. 26(c)(1)(D). Once the magistrate judge was satisfied defendants cleared the good cause hurdle, she acted within her authority in designing a process whereby plaintiffs will be able to view the particular documents defendants have withheld once the protective order is entered.

Ultimately, if plaintiffs' suspicions are correct, that some or all of the documents do not qualify for the protection defendants have sought, they may move before the magistrate judge to

lift the limitations imposed by the protective order and in doing so seek sanctions as provided for by the applicable rules. *See generally, e.g.,* Fed. R. Civ. P. 37. In the face of such a motion, the magistrate judge at that point will be in a position to review the documents themselves *in camera* before making a decision. *See, e.g., Est. of Neil v. Cty. of Colusa*, No. 2:19-CV-02441, 2020 WL 5535448, at *2 (E.D. Cal. Sept. 15, 2020) (applying Rule 26(c) and determining that "[t]o establish good cause, a party must show for each particular document it seeks to protect . . . that specific prejudice or harm will result' absent sealing" (internal quotations and citation omitted)); *Bangert v. Cty. of Placer*, No. 2:17-CV-1667, 2019 WL 358518, at *2 (E.D. Cal. Jan. 29, 2019) (same). Even if the magistrate judge could have exercised her discretion to require defendants to submit the disputed documents for her review *in camera* before granting the request for a protective order, the court does not find on this record that it was error for her not to do so. Specifically, the magistrate judge did not commit clear error in finding good cause exists to grant a protective order to facilitate plaintiffs' discovery of the remainder of Mr. Thomas's files.

**IV. CONCLUSION**

**Plaintiffs' motion for reconsideration is denied.** This matter is referred back to the assigned magistrate judge for further handling.

This order resolves ECF No. 41.

IT IS SO ORDERED.

DATED: June 30, 2021.

CHIEF UNITED STATES DISTRICT JUDGE