1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF ANTONIO THOMAS, et al.,        No.  2:20-cv-0903 KJM DB

12                 Plaintiffs,

13          v.                                 ORDER

14   COUNTY OF SACRAMENTO et al.,

15                 Defendants.

16

17          This matter came before the undersigned on March 5, 2021, for hearing of plaintiffs'

18   motion to compel and defendants' motion for a protective order pursuant to Local Rule 302(c)(1).

19   (ECF No. 36.)  In an order filed on March 10, 2021, the undersigned found that the defendants

20   had made "the necessary good cause showing" to justify a protective order.  (ECF No. 37 at 3.)

21   The parties were ordered to meet and confer regarding an agreed upon protective order.  (Id.)  If

22   the parties could not agree upon a protective order, defendants were to file a proposed protective

23   order.  (Id.)

24          On March 15, 2021, plaintiffs filed a motion for reconsideration of the undersigned's

25   March 10, 2021 order.  (ECF No. 41.)  On March 30, 2021, defendants filed a proposed protective

26   order.  (ECF No. 43.)  On April 6, 2021, plaintiffs filed an opposition to defendants' proposed

27   protective order.  (ECF No. 45.)  On July 1, 2021, the assigned District Judge denied plaintiffs'

28   motion for reconsideration of the undersigned's March 10, 2021 order.  (ECF No. 52.)

                                                1

Upon consideration of defendants' proposed protective order and plaintiffs' opposition, the undersigned enters the following protective order:

**A.      PURPOSE AND LIMITATION**

The disclosure and discovery activity concerning the materials described in section C is likely to involve production of confidential or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  This protective order does not confer blanket protections on all disclosures or discovery activity, and the protection it affords extends only to the limited information or items that are entitled to such protection under Fed. R. Civ. P. 26(c).

**B.      DEFINITIONS**

The following definitions shall apply to this Protective Order:

1.      The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.      "Documents" or "Confidential Documents" shall mean the Documents that Defendants designate as "Confidential" in the manner set forth in this Protective Order.

3.      "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order.  Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c).  Confidential Documents, material, and/or information shall be used solely for purposes of litigation.  Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4.      "Defendants" shall mean COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT R. JONES.

5.      "Plaintiffs" shall mean ESTATE OF ANTONIO THOMAS, TAIJAH THOMAS, TAIONNAA THOMAS, ANITA THOMAS, and ANTHONY WALLACE

6.      "Parties" shall mean Plaintiffs and Defendants, identified above.

2

C.      **INFORMATION COVERED**

    Covered Information:

    Pursuant to E.D. Cal. L.R. 141.1(c)(1), a description of the information eligible for protection under this Protective Order is limited to the following:

    1.      Portions of Antonio Thomas' custody file for the incarceration beginning December 6, 2019, Bates labeled DEFS00021; 00026; 00028-00031;

    2.      Antonio Thomas' classification file for the incarceration beginning December 6, 2019, Bates labeled DEFS00032-00098;

    3.      Antonio Thomas' custody files for all prior incarcerations with the Sacramento County Sheriff's Department, Bates labeled DEFS00146-00266;

    4.      Antonio Thomas' classification files for all prior incarcerations with the Sacramento County Sheriff's Department, Bates labeled DEFS00267-00297.

    There is the possibility that these records may contain sensitive and private information that is not relevant to this action or subject to disclosure, such as but not limited to home addresses, contact information, social security numbers, dates of birth, etc.  Defendants are permitted pre-production redaction of such limited information, so long as any redacted documents are accompanied by a redaction log/designation obviously identifying each instance of redaction and the information redacted.

    Particularized Need for Protection:

    Pursuant to E.D. Cal. L.R. 141.1(c)(2), a specific, particularized need for protection as to the information covered by this Protective Order exists.  The materials designated to be covered by this Protective Order are limited solely to those which would qualify for protection under Fed. R. Civ. P. 26(c), and does not include information which has been subject to protection on a blanket or indiscriminate basis.  See, e.g., In Re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (identifying a two-part test for obtaining a protective order under Fed. R. Civ. P. 26(c)).

////

////

3

Showing of Need for a Protective Order:

Pursuant to E.D. Cal. L.R. 141.1(c)(3), the need for protection pursuant to this Protective Order is for the convenience of the parties and the court.  This order seeks to avoid litigation and expenditure of resources concerning a potential Fed. R. Civ. P. 26(c) motion for protective order. The entry of this Protective Order prevents the parties and the court from conducting the usual document-by-document analysis necessary to obtain protection under Fed. R. Civ. P. 26(c), in favor of a procedure whereby presumptive protection is afforded based on the Parties good faith representations.  See, e.g., Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn [Fed. R. Civ. P.] 26(c) on its head.").  Accordingly, production may be made with this Protective Order in place and, if necessary, will permit discrete and narrowed challenges to the documents covered by this Protective Order.

**D.      TERMS OF THE PROTECTIVE ORDER**

Confidential Documents subject to protection may be designated as "Confidential" by the Defendants and produced subject to the following Protective Order:

1.      The Confidential Documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case.  The Parties have not waived any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.      The Parties will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

3.      The Confidential Documents may only be disclosed to the following persons:

(a)      Mark E. Merin and Paul H. Masuhara of THE LAW OFFICE OF MARK E. MERIN, partners and associate attorneys in that office, if any, as counsel for Plaintiffs in the case enumerated above;

(b)      Carl L. Fessenden and Suli A. Mastorakos of PORTER SCOTT, partners and associate attorneys in that office, as counsel for Defendants in the case enumerated above;

4

(c)     Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

(d)     Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(e)     Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this protective order;

(f)     The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and,

(g)     Witnesses during their depositions in this action.  If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4.     The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause."  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172,

////

1178-80 (9th Cir. 2006).  If permission is granted, the Confidential Documents will be filed and served in accordance with E.D. Cal. L.R. 141.

5.      The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

6.      Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice.

In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Failure by the Designating Party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a

////

6

confidentiality designation at any time if there is good cause for doing so.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

7.      Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

8.      The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

9.      The protections conferred by this Protective Order cover the information defined above, as well as any information copied from the materials.  However, the protections conferred by this Protective Order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

10.     After the conclusion of this litigation, the Confidential Documents will remain confidential.  "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

11.     This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this

1   court or any court having jurisdiction over an appeal of this action.  Pursuant to Local Rule

2   141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective

3   Order after the action is terminated.

4        12.   The parties may request additional records to be subject to this Stipulated

5   Protective Order.  If a party believes a document to be produced should be subject to this

6   Stipulated Protective Order, the parties must meet and confer.  If there is agreement, the parties

7   shall submit an amendment to this Stipulated Protective Order to identify the additional

8   documents.  If the parties cannot agree, a Motion for Protective Order shall be filed accordingly.

9        13.   The parties may not modify the terms of this Protective Order without the court's

10  approval.  If the parties agree to a potential modification, they shall submit a stipulation and

11  proposed order for the court's consideration.

12  Dated:  July 21, 2021

13

14  _____

15  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24  DLB:6
    DB/orders/orders.civil/thomas0903.prot.ord

25

26

27

28

8