UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANTONIO THOMAS, et al., | No. 2:20-cv-0903 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO et al., | |
| Defendants. | |

    This matter came before the undersigned on October 22, 2021, for hearing of plaintiffs' motion to compel and request for expenses pursuant to Local Rule 302(c)(1). (ECF No. 64.) Attorney Mark Merin appeared via Zoom on behalf of plaintiffs. Attorney Suli Mastorakos appeared via Zoom on behalf of defendants.

    In response to plaintiffs' requests for production of documents, set one, defendant County of Sacramento withheld and/or redacted documents based on asserted privileges and produced instead an amended privilege log. (JS (ECF No. 69) at 3-12.) "'The party asserting the privilege has the burden of making a prima facie showing that the privilege protects the information that the party intends to withhold.'" Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 698 (D. Nev. 1994) (quoting In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992)). This burden can be satisfied by submitting a privilege log stating (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document

to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated, as well as provide information of the subject matter of each document.  See In re Grand Jury Investigation, 974 F.2d at 1071.  It is true that "not every case requires strict adherence to the list of items" above, specifically when voluminous documents are at issue.  Phillips v. C.R. Bard, Inc., 290 F.R.D. 615, 637 (D. Nev. 2013).  The dispute here, however, concerns a small number of documents.  (JS (ECF No. 69) at 19.)

Review of defendant's amended privilege log finds that it provides a vague description of a document, the privilege asserted, and a Bates #.  (JS (ECF No. 69) at 10-12; ECF No. 69-1 at 171.)  For example, one entry is identified simply as "Nonparty, non-witness inmate and Sheriffs' Dept. personnel information."  (Id.)  Another as simply "Nonparty, non-witness inmate booking information."  (ECF No. 69-1 at 172.)  While some of the entries list "attendees," or "communications between" individuals, the amended privilege log does not explicitly identify all persons known to have been informed of the substance of the document.  See generally Waymo LLC v. Uber Technologies, Inc., 870 F.3d 1350, 1362 (Fed. Cir. 2017) ("Even if a party has demonstrated that documents are entitled to work-product protection, that protection may be waived through disclosure to a third person.").  Nor does the amended privilege log explicitly state the date each document was generated, prepared, or dated.

Moreover, aside from the conclusory identification of a privilege, (attorney-client, deliberative process, investigatory, etc.), there is no explanation of why or how the asserted privilege applies to the document.  "In considering whether a proponent of the privilege is entitled to protection, the Court must place the burden of proof squarely upon the party asserting privilege.  Accordingly, the proponent must provide the court with enough information to enable the court to determine privilege, and the proponent must show by affidavit that precise facts exist to support the claim of privilege." North Carolina Elec. Membership Corp. v. Carolina Power & Light Co., 110 F.R.D. 511, 515 (M.D. N.C. 1986); see also Dickson v. Century Park East Homeowners Association, Case No. 2:20-cv-5152 JWH MAAx, 2021 WL 3148878, at *8 (C.D. Cal. Mar. 9, 2021) ("when a party withholds otherwise discoverable information by claiming that

the information is privileged, the party must describe the nature of the communications or documents in a way that will enable other parties to assess the claim"); Friends of Hope Valley v. Frederick Co., 268 F.R.D. 643, 651 (E.D. Cal. 2010) ("plaintiff's privilege logs are deficient because they do not permit defendant or the court to adequately assess the claim of privilege"); Diamond State Ins. Co., 157 F.R.D. at 698 (finding log that "fails to meet the established requirements" also "failed to establish an attorney-client privilege with regard to the requested documents").

Accordingly, plaintiffs' motion will be granted and defendant ordered to produce a second amended privilege log providing the necessary information. At the October 22, 2021 hearing, plaintiffs' counsel argued that the undersigned had sufficient information to order the production of at least some of the documents at issue, based on the argument that some of the documents withheld cannot possibly be privileged. The undersigned shares plaintiffs' skepticism with respect to some of the information at issue.

For example, several items of information have been withheld pursuant to the vague reference to "Third Party Privacy under Article I, Section 1 of the California Constitution," and include what is identified as "Antonio Thomas' date of birth." (ECF No. 69-1 at 171.) It is difficult to imagine that defendants would assert that Antonio Thomas' date of birth could not be shared with the Estate of Antonio Thomas. However, given the vague and incomplete nature of the amended privilege log the undersigned is simply not yet in a position to fully evaluate defendant's conduct.

Plaintiffs' counsel also argued at the October 22, 2021 hearing for an award of expenses, referring specifically to the length of time it has taken to receive defendants' responses and the deficient amended privilege log. However, this is the first time this specific discovery dispute has come before the undersigned.[1] As noted by defendants, after receiving plaintiffs' requests the parties engaged in extensive meet and confer efforts, which included plaintiffs agreeing to amend

---

[1] The parties, however, have previously been before the undersigned with respect to several prior discovery disputes. A consistent theme among these disputes was that, in the undersigned's opinion, they could have been resolved informally with a greater willingness to compromise.

their requests, a production by defendants, and a further supplemental production.  (JS (ECF No. 69) at 2-3, 25.)  It appears that after plaintiffs received the amended privilege log plaintiffs did not attempt to engage in further meet and confer efforts until after the motion to compel was filed, and only then just prior to the filing of the Joint Statement.  (Merin Decl. (ECF No. 69-1) at 1.)  Moreover, the undersigned finds defendant's conduct was substantially justified, as reasonable people could differ on this matter.  However, having been advised of the deficiencies identified and the concerns of the undersigned, if the undersigned is presented with these same facts again defendants should be prepared to pay monetary sanctions.

## CONCLUSION

Upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiffs' September 21, 2021 motion to compel (ECF No. 64) is granted;

2. Within fourteen days of the date of this order defendants shall produce a second amended privilege log; and

3. Plaintiffs' request for expenses is denied.

DATED: October 26, 2021                /s/ DEBORAH BARNES
                                       UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/thomas0903.oah.102221