UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANTONIO THOMAS, et al., | No. 2:20-cv-0903 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO et al., | |
| Defendants. | |

       On October 4, 2021, defendants filed a motion to retain confidentiality and noticed the motion for hearing before the undersigned on November 12, 2021, pursuant to Local Rule 302(c)(1). (ECF No. 68.) On November 5, 2021, the partied filed a Joint Statement re Discovery Disagreement pursuant to Local Rule 251. (ECF No. 74.)

       The undersigned's Standard Information re discovery disputes set forth on the court's web page explains that parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the joint statement. See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db. Here, the parties did not meet and confer after the filing of the discovery motion. (JS (ECF No. 74) at 11-12.)

       Defendants' motion, therefore, will be denied without prejudice to renewal. The parties should engage in further meet and confer, in compliance with the Local Rules and the

undersigned's Standard Information.  The following observations are provided to aid the parties' discussions.

"The discovery process in theory should be cooperative and largely unsupervised by the district court."  Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018).  "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions."  Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020).  Here, the parties have repeatedly come before the court for the hearing of discovery disputes.  Those hearings have largely concerned the same issue raised by the instant motion—whether certain documents should be subject to a protective order.

The parties' Joint Statement fails to discuss any document with specificity and is instead comprised of vague arguments.  Each party would undoubtedly cast the blame for this on the other.  But each side has possession of these documents.  And either one could have made use of that access to provide specificity, which would aid the court and might support a meritorious argument.  It is not sufficient simply for the parties to raise a dispute and dump the documents at the foot of the court.

Moreover, the documents at issue number in the hundreds.  A superficial review of the documents finds some documents that would appear to at least raise the specter of confidentiality concerns, while others less so.  Under such circumstances the undersigned is not going to order the blanket protection or removal of protection from these documents based on vague briefing.

Ultimately, the parties' must satisfy their meet and confer obligations.  If they cannot resolve their dispute, they can proceed to bring the matter before the undersigned.  In doing so they should be prepared to present briefing with sufficient specificity to enable the undersigned to resolve their conflict as to each document at issue or category of documents.  Given the number of documents at issue the parties may want to prepare to come repeatedly before the undersigned for serial motion hearings.  Under such circumstances the parties should also be prepared for the losing party to pay serial sanctions.

////

Finally, the undersigned notes that plaintiffs make repeated reference to in camera review. "In Camera review is not generally favored" and "the court should not conduct such a review solely because a party begs it to do so." <u>Nishika, Ltd. v. Fuji Photo Film Co., Ltd.</u>, 181 F.R.D. 465, 467 (D. Nev. 1998). "In camera review should not replace the effective adversarial testing of the claimed privileges and protections." <u>Diamond State Ins. Co. v. Rebel Oil Co., Inc.</u>, 157 F.R.D. 691, 700 (D. Nev. 1994). The undersigned has no intention of reviewing hundreds of documents in camera in the absence of the parties' satisfying their obligations.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' October 4, 2021 motion for protective order (ECF No. 68) is denied without prejudice to renewal; and

2. The November 12, 2021 hearing is vacated.

DATED: November 9, 2021                    /s/ DEBORAH BARNES
                                           UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/thomas0903.m&c.ord

3