UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of Antonio Thomas, et al., | No. 2:20-cv-00903-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

The plaintiffs request leave to amend their complaint to add allegations based on information they obtained in discovery. As explained in this order, the motion is **granted**.

In December 2019, Antonio Thomas was arrested because he had not checked in with his probation officer. Compl. ¶ 20, ECF No. 1. He was taken to the Sacramento County Main Jail. *Id.* ¶ 21. When he had previously been incarcerated, he had been placed in the jail's medical unit and had received psychiatric treatment for paranoia and bipolar disorders. *Id.* ¶¶ 18–19. This time, however, the jail assigned Mr. Thomas to the general population and left him in a cell with a violent man who was suspected of murder. *See id.* ¶¶ 23–24. A few days later, Mr. Thomas sustained severe injuries at the hands of that cellmate. *Id.* ¶¶ 25–26. He later died. *See id.* ¶¶ 32–34.

Mr. Thomas's estate and family sued the County of Sacramento, the Sheriff's Department, the Sheriff, and several Doe defendants in this court. *See generally id.* In discovery, the plaintiffs

1 learned the names of two Sheriff's Deputies who had been responsible for classifying
2 Mr. Thomas and assigning him to his cell. *See* Mem. at 5–7, ECF No. 44-1. Their counsel
3 drafted a proposed amended complaint, which replaces two of the Doe defendants with the names
4 of these deputies and adds allegations about the Sheriff's Department classification and housing
5 policies. *See generally* Proposed First Am. Compl., Merin Decl. Ex. A, ECF No. 44-2. The
6 plaintiffs requested the defendants' consent to file their proposed amendments. *See* Merin Decl.
7 ¶ 16. The defendants refused. In the defense's assessment, the proposed amendments were no
8 "reasonable basis" for the two deputies' liability. *See* Fessenden Decl. ¶ 7 & Ex. B, ECF
9 No. 49-1.

10    The plaintiffs then filed their current motion for leave to amend their complaint. *See*
11 *generally* Mot., ECF No. 44. The deadline for amendments to the pleadings had passed, so they
12 also have moved to amend the scheduling order to permit an amendment. *See* Mem. at 7–9. The
13 defendants oppose. *See generally* Opp'n, ECF No. 49. They argue an amendment would be an
14 exercise in futility because the plaintiffs' proposed amendments would be dismissed for failure to
15 state a claim. *See generally id.* The motion is fully briefed and the court submitted it for decision
16 without oral argument. *See generally* Reply, ECF No. 51; Min. Order, ECF No. 50.

17    A party who, like the plaintiffs here, seeks leave to amend its pleadings after the deadline
18 in a Rule 16 scheduling order must first satisfy the "good cause" standard of Federal Rule of Civil
19 Procedure 16(b)(4). *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 608–09 (9th Cir.
20 1992). This requirement focuses primarily on the moving party's diligence and its reasons for
21 seeking a modification. *Fed. Trade Comm'n v. Marshall*, 781 F. App'x. 599, 603 (9th Cir. 2019)
22 (unpublished) (citing *Johnson*, 975 F.2d at 609). A moving party may demonstrate "good cause"
23 by (1) diligently assisting the court in creating a workable Rule 16 order, *see Jackson v. Laureate,*
24 *Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999); (2) explaining why circumstances beyond that party's
25 control prevented compliance, *see Johnson*, 975 F.2d at 609; and (3) promptly and diligently
26 seeking to amend the scheduling order, *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230,
27 1233 (E.D. Cal. 1996).
28 /////

The plaintiffs' request for leave to modify the scheduling order is supported by good cause under Rule 16(b).  Their proposed amendments incorporate what they recently learned in discovery, and they filed their motion without delay.  The defendants do not argue otherwise.

If a motion to amend is supported by good cause, the court next considers whether the proposed amendment should be permitted under Rule 15.  Under that Rule, district courts "freely give leave" to amend the pleadings "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  Several factors guide a district court's discretion when deciding whether to permit amendments: whether the moving party has sought leave to amend in bad faith, whether an amendment would cause undue delay or prejudice to the opposing party, whether the proposed amendment would be futile, and whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Permitting an amendment here would serve the interests of justice and would promote the resolution of this case on its merits.  None of the relevant factors weighs against an amendment: the court perceives no bad faith, delays, or prejudice; an amendment would not clearly be an exercise in futility; and the plaintiffs have not previously amended their complaint.

The defendants disagree on only one point, as noted above: they contend the plaintiffs' new claims would be dismissed in motion practice under Rule 12(b)(6), i.e., for failure to state a claim on which relief can be granted, and thus argue an amendment would be futile.  *See* Opp'n at 11–23.  Shortcomings in a proposed amended complaint can mean that justice does not require an amendment under the terms of Rule 15(a)(2).  *See Johnson*, 356 F.3d at 1077.  This may be so even if no other considerations weigh against an amendment.  *See, e.g.*, *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) (affirming rejection of "duplicative" and "patently frivolous" amendments), *superseded by statute on other grounds as explained in Ayestas v. Davis*, 138 S. Ct. 1080, 1094 (2018).  "Denial of leave to amend on this ground is rare." *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).  Otherwise unobjectionable amendments are permitted unless it is "clear beyond doubt" that amendment would be an exercise in futility.  *Center for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114–15 (9th Cir. 2005).  Courts within this

1   District and Circuit often defer assessments of a proposed amendment's legal substance until after
2   those amendments are filed and a defendant formally moves to dismiss.  *See, e.g.*, *Tsi Akim*
3   *Maidu of Taylorsville Rancheria v. United States Dep't of the Interior*, No. 17-01156, 2021 WL
4   4147310, at *3 (E.D. Cal. Sept. 13, 2021); *Antablin v. Motion Picture Costumers, Loc. #705*,
5   No. 18-09474, 2021 WL 4732929, at *2 (C.D. Cal. July 6, 2021); *Pauma Band of Luiseno*
6   *Mission Indians of Pauma & Yuima Rsrv. v. Unite Here Int'l Union*, No. 16-02660, 2017 WL
7   11556711, at *1 (S.D. Cal. Sept. 26, 2017); *Robert Bosch Healthcare Sys., Inc. v. Express MD*
8   *Sols., LLC*, No. 12-00068, 2012 WL 12920766, at *2 (N.D. Cal. May 10, 2012).
9          Here, it is not "clear beyond doubt" that the proposed amendments are futile.  To the
10  contrary, based on a preliminary review, it appears many if not all of the plaintiffs' amended
11  allegations and claims would likely survive a challenge under Rule 12(b)(6).  The court **grants**
12  the motion for leave to amend.  The plaintiffs are directed to file the proposed amended complaint
13  **within seven days**.
14         This order resolves ECF No. 44.
15         IT IS SO ORDERED.
16  DATED:  November 10, 2021.

CHIEF UNITED STATES DISTRICT JUDGE