**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Suli A. Mastorakos, SBN 330383
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO,
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT, and SCOTT R. JONES

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:       mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF ANTONIO THOMAS,
TAIJAH THOMAS, TAIONNA THOMAS,
ANITA THOMAS, and ANTHONY WALLACE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF ANTONIO THOMAS, TAIJAH THOMAS, TAIONNA THOMAS, ANITA THOMAS, and ANTHONY WALLACE,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 50,<br><br>Defendants. | No. 2:20-cv-0903 KJM DB<br><br>**STIPULATED PROTECTIVE ORDER; AND ORDER** |

{02531999.DOCX}

**STIPULATED PROTECTIVE ORDER; AND ORDER**
*Estate of Thomas v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:20-cv-00903-KJM-DB

# STIPULATION

Pursuant to Fed. R. Civ. P. 26(c), E.D. Cal. L.R. 141.1, and 45 C.F.R. § 164.512(e)(1)(v), the parties stipulate to the entry of a qualified protective order as follows:

1. The parties and their attorneys are authorized to receive, subpoena, and transmit "protected health information" pertaining to Taijah Thomas, to the extent and subject the conditions outlined herein, including from the following healthcare providers: (1) Sierra Vista Hospital; and (2) Grady Memorial Hospital.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Taijah Thomas to attorneys representing Plaintiffs and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of Taijah Thomas for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing Taijah Thomas' protected health information to persons involved in this litigation, counsel shall inform each such person that Taijah Thomas's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Taijah Thomas' protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Taijah Thomas' protected health information to the

{02531999.DOCX}

**STIPULATED PROTECTIVE ORDER; AND ORDER**
*Estate of Thomas v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:20-cv-00903-KJM-DB

covered entity or destroy any and all copies of protected health information pertaining to Taijah Thomas, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

      7.    This Order does not authorize either party to seal court filings or court proceedings. A party may seek permission from the Court to file protected health information under seal pursuant to E.D.Cal. L.R. 141.

**IT IS SO STIPULATED.**

Dated: December 7, 2021

Respectfully Submitted,
PORTER | SCOTT

/s/ Carl L. Fessenden
By: _____
Carl L. Fessenden
Suli A. Mastorakos

  Attorneys for Defendants
COUNTY OF SACRAMENTO,
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT, and SCOTT R. JONES

Dated: December 7, 2021

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

/s/ Mark E. Merin
(as authorized on December 1, 2021)
By: _____
Mark E. Merin
Paul H. Masuhara

  Attorney for Plaintiffs
ESTATE OF ANTONIO THOMAS,
TAIJAH THOMAS, TAIONNAA THOMAS,
ANITA THOMAS, and ANTHONY WALLACE

{02531999.DOCX}

**STIPULATED PROTECTIVE ORDER; AND ORDER**
*Estate of Thomas v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:20-cv-00903-KJM-DB

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the

{02531999.DOCX}

**STIPULATED PROTECTIVE ORDER; AND ORDER**
*Estate of Thomas v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:20-cv-00903-KJM-DB

court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: December 7, 2021

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

{02531999.DOCX}

**STIPULATED PROTECTIVE ORDER; AND ORDER**
*Estate of Thomas v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:20-cv-00903-KJM-DB