UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANTONIO THOMAS, et al., | No. 2:20-cv-0903 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO et al., | |
| Defendants. | |

This matter came before the undersigned on December 10, 2021, for hearing of plaintiffs' motion to compel defendants' responses to requests for production of documents ("RFP") numbers 59-67 and request for expenses pursuant to Local Rule 302(c)(1). (ECF No. 90.) Attorney Mark Merin appeared via Zoom on behalf of plaintiffs. Attorney Suli Mastorakos appeared via Zoom on behalf of defendants.

**I.      Plaintiffs' RFP No. 59**

Plaintiffs' RFP No. 59 seeks all reports of inmate-on-inmate violence at the Sacramento County Jail during 2019. (JS (ECF No. 83) at 4.) In the parties' Joint Statement defendants assert they are working "diligently to retrieve the records," that the production has "required significant time, resources, and workforce to accomplish, and offered "that documents be produced on a rolling basis." (Id. at 3, 19.) Nowhere in the Joint Statement, however, did defendants provide even an estimation as to when plaintiffs could expect production to commence

or when the production could be completed. At the December 10, 2021 hearing, the undersigned asked defense counsel to address this issue and counsel stated that they requested that information from their client but had not received an answer.

While the undersigned is cognizant of the challenges faced by the County in staffing and responding to the production as articulated in the parties' Joint Statement, the failure to provide plaintiffs and the court with even as estimation as to the time for production of the discovery is unacceptable, particularly in light of the seriousness of the allegations at issue in this civil rights action.

## II.   Plaintiffs' RFP Nos. 60-67

Plaintiffs' RFP Nos. 60-67 seek generally other discovery related to inmate-on-inmate violence during 2019, such as correspondence received by the Sheriff, summaries of civil settlements, prevention efforts, etc. (JS (ECF No. 83) at 4-5.)

In opposing plaintiffs' requests, defendants state in the Joint Statement the following:

> As to the Estate's Request for Production Nos. 60-67, Defendants' counsel has reiterated its position to Plaintiffs' counsel in meet and confer that the County will not be producing records because the Estate has not shown that the information sought has a legitimate bearing on the instant action to warrant the extensive burden in time and expense of producing the requested documents. The County contends that the discovery requests, as phrased, would require inquiry of every Sacramento County inmate's records, Sheriff Jones' records since his tenure as Sheriff beginning in 2010, and the records of personnel for each meeting held in 2019. Additionally, the County raised a number of privileges that apply to the requests, as well as privacy rights of third parties. Many of the requests seek documents/information that is public record and is therefore equally available to the Estate. Also, Plaintiffs' counsel are/were the attorneys of record in many of the cases for which the Estate seeks information regarding settlement, and thus, already possesses the information.

(Id. at 19-20.)

To properly assert these arguments and objections, however, requires much more than this vague and conclusory paragraph. In this regard, "[t]he party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)). When a party

2

asserts a privilege it "'has the burden of making a prima facie showing that the privilege protects the information that the party intends to withhold.'" Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 698 (D. Nev. 1994) (quoting In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992)).

"In considering whether a proponent of the privilege is entitled to protection, the Court must place the burden of proof squarely upon the party asserting privilege. Accordingly, the proponent must provide the court with enough information to enable the court to determine privilege, and the proponent must show by affidavit that precise facts exist to support the claim of privilege." North Carolina Elec. Membership Corp. v. Carolina Power & Light Co., 110 F.R.D. 511, 515 (M.D. N.C. 1986); see also Dickson v. Century Park East Homeowners Association, Case No. 2:20-cv-5152 JWH MAAx, 2021 WL 3148878, at *8 (C.D. Cal. Mar. 9, 2021) ("when a party withholds otherwise discoverable information by claiming that the information is privileged, the party must describe the nature of the communications or documents in a way that will enable other parties to assess the claim").

At the December 10, 2021 hearing, defense counsel argued that plaintiffs' requests were overly broad and burdensome. However, "[i]n opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[1] Cory v. Aztec Steel Bldg., Inc., 225 F.R.D. 667, 672 (D. Kan. 2005).

**III.   Plaintiffs' Request for Expenses**

For the reasons stated above, the undersigned finds that plaintiffs' motion to compel should be granted. "The discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218,

---

[1] Defense counsel also directed the undersigned to examine defendants' arguments asserted in the parties' meet and confer letters. However, "objections asserted in discovery responses but not raised in briefing on a discovery motion are . . . waived." Cory, 225 F.R.D. at 672.

1219 (9th Cir. 2018). "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions." Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020). When the court grants a motion to compel it must "after giving an opportunity to be heard," award "reasonable expenses incurred in making the motion, including attorney's fees," unless the "opposing party's position was 'substantially justified' or that 'other circumstances make an award of expenses unjust.'" Id. (quoting Fed. R. Civ. P. 37(a)(5)(A)). "The burden of establishing this substantial justification or special circumstances rests on the party being sanctioned." Id.

Here, plaintiffs' motion seeks "$4,030 in expenses for time spent preparing [the] motion and engaging in futile meet-and-confer efforts with the County's Counsel." (JS (ECF No. 83) at 20.) The parties' briefing establishes that the amount requested by plaintiffs is reasonable. (ECF No. 83-1 at 1-6.) Moreover, defendants have failed to establish substantial justification.

As articulated above, defendants' arguments in the Joint Statement were woefully inadequate, vague, and conclusory. When given an opportunity to address this deficiency at the December 10, 2021 hearing, defense counsel was unable to provide any additional specificity. Instead, defense counsel asked to be given an opportunity to further amend the discovery responses. That counsel believes amended responses could be produced only speaks to the lack of justification for defendants' opposition. The time for proper production, or at a minimum proper briefing, has passed. Defendants should not be rewarded for unjustifiably delaying discovery by being given another bite at the apple.

## CONCLUSION

Upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiffs' November 12, 2021 motion to compel (ECF No. 77) is granted;

2. Within twenty-eight days of the date of this order defendants shall produce responsive discovery; and

////

////

4

3. Within fourteen days of the date of this order defendants shall pay plaintiffs expenses in the amount of $4,030.00.

Dated: December 13, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/thomas0903.oah.121021