UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANTONIO THOMAS, et al., | No. 2:20-cv-0903 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO et al., | |
| Defendants. | |

This matter came before the undersigned on January 14, 2022, for hearing of plaintiffs' motion to compel and request for expenses pursuant to Local Rule 302(c)(1). (ECF No. 94.) Attorney Mark Merin appeared via Zoom on behalf of plaintiffs. Attorney Carl Fessenden appeared via Zoom on behalf of defendants. Having reviewed the parties' briefing and oral arguments, the undersigned grants plaintiffs' motion for the reasons explained below.

In this regard, the parties were previously before the undersigned on October 22, 2021, for hearing of plaintiffs' motion to compel production after defendants withheld certain documents as privileged and supported by an amended privilege log. (ECF No. 72.) Defendants' amended privilege log was vague and conclusory. Accordingly, plaintiffs' motion to compel was granted but defendants were given the opportunity to produce a second amended privilege log. (Id. at 4.)

////

////

The dispute now before the court concerns defendants' fourth amended privilege log. Defendants are now withholding production of a two-page summary of a February 10, 2020 meeting between Sacramento County Sheriff's personnel, Correctional Health Services personnel, and Sacramento County Counsel as privileged. (Id. at 11, 23-24.)

"'The party asserting the privilege has the burden of making a prima facie showing that the privilege protects the information that the party intends to withhold.'" Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 698 (D. Nev. 1994) (quoting In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992)). "In considering whether a proponent of the privilege is entitled to protection, the Court must place the burden of proof squarely upon the party asserting privilege. Accordingly, the proponent must provide the court with enough information to enable the court to determine privilege, and the proponent must show by affidavit that precise facts exist to support the claim of privilege." North Carolina Elec. Membership Corp. v. Carolina Power & Light Co., 110 F.R.D. 511, 515 (M.D. N.C. 1986).

"In requiring a party to prove the factual basis for its claims of privilege, the courts generally look to a showing based on affidavits or equivalent statements that address each document at issue," however, a party may instead rely on "an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps." Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 473-74 (S.D. N.Y. 1993). A privilege log should generally state (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated, as well as provide information of the subject matter of each document. See In re Grand Jury Investigation, 974 F.2d at 1071. It is true that "not every case requires strict adherence to the list of items" above, specifically when voluminous documents are at issue. Phillips v. C.R. Bard, Inc., 290 F.R.D. 615, 637 (D. Nev. 2013). This dispute concerns a single, two-page, document. (JS (ECF No. 97) at 3.)

////

////

1    Here, with respect to the document at issue, defendants' fourth amended privilege log

2 provides the titles of the attendees - "Sergeant (Exec Staff/Support)," "Lieutenant (Mail Jail),"

3 "Special Investigations Unit," "Attorney-County Counsel," etc.—but does not provide the names

4 of the attendees, aside from the author of the document. (JS (ECF No. 97) at 11.) As to the

5 nature of the document and its subject matter, the fourth amended privilege log simply states:

> The purpose of the meeting was to discuss potential legal and policy compliance issues related to the in custody death of Antonio Thomas. An attorney from the Office of County Counsel participated in the meeting and provided legal advice and counsel to the participants. Following an inmate's death, staff from Correctional Services and from Correctional Health meet to discuss legal and policy compliance issues pertaining to the incident that resulted in the inmate's death. These meetings are held with County Counsel in preparation for litigation as well as to prevent possible future injuries as a subsequent remedial measure.

(Id.)

Simply asserting that the meeting was to provide "legal advice and counsel," and "to discuss legal and policy compliance . . . . in preparation for litigation" is insufficient. "We recognize that an attorney-client relationship arises when legal advice of any kind is sought from a professional legal adviser in his capacity as such," however, "the burden of establishing the existence of the relationship rests on the claimant of the privilege against disclosure," and that "burden is not, of course, discharged by mere conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed." In re Bonanno, 344 F.2d 830, 833 (2nd Cir. 1965). Thus, a "conclusory and generalized statement is insufficient to discharge" defendants' burden. S.E.C. v. Beacon Hill Asset Management LLC, 231 F.R.D. 134, 144 (S.D. N.Y. 2004); see also Allendale Mut. Ins. Co. v. Bull Data Systems, Inc., 145 F.R.D. 84, 88 (N.D. Ill. 1992) (privilege log "should identify the date, the author and all recipients, along with their capacities. The log should also describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery. These categories, especially this last category, must be sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden.").

3

Moreover, defendants have offered no factual support for withholding the document as privileged. Instead, defendants' argument relies on the assertions of defense counsel found in the joint statement. Defendants, however, have not submitted a declaration from anyone who attended the February 10, 2020 meeting or who has reviewed the document to support the argument that the document should withheld as privileged. While defense counsel did submit a declaration in support of the joint statement, that declaration addresses the history of the parties' discovery dispute, not the nature of the withheld document. (ECF No. 98.)

In this regard, the undersigned finds that plaintiffs' motion should be granted. See U.S. v. Construction Products Research, Inc., 73 F.3d 464, 474 (2nd Cir. 1996) ("The descriptions and comments simply do not provide enough information to support the privilege claim, particularly in the glaring absence of any supporting affidavits or other documentation."); Safeco Ins. Co. of America v. M.E.S., Inc., 289 F.R.D. 41, 48 (E.D. N.Y. 2011) ("Significantly, Safeco does not submit evidentiary submissions to fill in any factual gaps."); Purdee v. Pilot Travel Centers, LLC, Case No. CV407-028, 2008 WL 11350099, at *1 (S.D. Ga. Feb. 21, 2008) ("The log should be supported by affidavit or other evidence, identifying each document or communication claimed to be protected by the privilege and setting forth sufficient facts to allow a judicial determination as to whether the particular communication or document is in fact privileged."); Bowne, 150 F.R.D. at 475 ("There simply is not enough information supplied to support the privilege claims of AmBase with regard to its documents, particularly in the absence of any supporting evidence."); International Paper Co. v. Fibreboard Corp., 63 F.R.D. 88, 94 (D. Del. 1974) ("In short, a party resisting discovery on the ground of the attorney-client privilege must by affidavit show sufficient facts as to bring the identified and described document within the narrow confines of the privilege.").

"When a party provides an inadequate or untimely privilege log, the Court may choose between four remedies: (1) give the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) inspect in camera all of the withheld documents; and (4) inspect in camera a sample of the withheld documents." Johnson v. Ford Motor Company, 309 F.R.D. 226, 234-35 (S.D. W. Va. 2015). Here, defendants previously produced a

deficient privilege log. They were advised of that deficiency and given an opportunity to cure the defects. Defendants are now before the court on a fourth amended privilege log. The defendants' privilege log, nonetheless, remains deficient—as does defendants' arguments. Moreover, defendants made only a cursory reference to in camera review at the January 14, 2022 hearing, and did not fully address the issue in the joint statement. "In Camera review is not generally favored" and "the court should not conduct such a review solely because a party begs it to do so." Nishika, Ltd. v. Fuji Photo Film Co., Ltd., 181 F.R.D. 465, 467 (D. Nev. 1998). "In camera review should not replace the effective adversarial testing of the claimed privileges and protections." Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 700 (D. Nev. 1994).

   Accordingly, plaintiffs' motion to compel will be granted and defendants ordered to produce the document.[1] "The discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018). "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions." Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020). When the court grants a motion to compel it must "after giving an opportunity to be heard," award "reasonable expenses incurred in making the motion, including attorney's fees," unless the "opposing party's position was 'substantially justified' or that 'other circumstances make an award of expenses unjust.'" Id. (quoting Fed. R. Civ. P. 37(a)(5)(A)). "The burden of establishing this substantial justification or special circumstances rests on the party being sanctioned." Id.

   Here, plaintiffs' motion seeks "$4,430 in expenses for time spent preparing the motion to compel," and has supported the request with a declaration from plaintiffs' counsel. (JS (ECF No. 97) at 26; Decl. Merin (ECF No. 97-1) at 1-5.) Plaintiffs' briefing establishes that the amount requested by plaintiffs is reasonable. Moreover, as articulated above, defendants have repeatedly

---

[1] At the January 14, 2022 hearing, defense counsel argued that if the undersigned ordered the document produced defendants would no longer hold such meetings. That is a decision for defendants. This order does not stand for the proposition that such documents will always be produced. Instead, this order holds simply that when a party repeatedly fails to provide an adequate privilege log and supporting argument, a party may be ordered to produce a withheld document.

failed to provide an adequate privilege log. Defendants were advised of this by the undersigned and given another opportunity to amend. (ECF No. 72.) That advisement included a warning that if "presented with these same facts again defendants should be prepared to pay monetary sanctions." (Id. at 4.) Nonetheless, defendants again produced an inadequate privilege log and followed it up with inadequate support for their arguments. Accordingly, defendants have failed to establish substantial justification.

## CONCLUSION

Upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiffs' December 17, 2021 motion to compel (ECF No. 94) is granted;

2. Within fourteen days of the date of this order defendants shall produce the document at issue[2]; and

3. Within fourteen days of the date of this order defendants shall pay plaintiffs expenses in the amount of $4,430.00.

Dated: January 18, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/thomas0903.oah.011422

---

[2] The document shall be produced pursuant to a stipulated protective order modeled after one of the many stipulated protective orders the parties have entered into in this action. (ECF Nos. 24, 59, 62, 88, 89, 102.)

6