UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANTONIO THOMAS, et al., | No. 2:20-cv-0903 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO et al., | |
| Defendants. | |

This matter came before the undersigned on February 18, 2022, for hearing of plaintiffs' motion for sanctions pursuant to Local Rule 302(c)(1).[1] (ECF No. 110.) Attorney Mark Merin appeared via Zoom on behalf of plaintiffs. Attorney Carl Fessenden appeared via Zoom on behalf of defendants. Having considered the parties' briefing and oral argument plaintiffs' motion is denied without prejudice to renewal.

Before turning to plaintiffs' motion, the undersigned notes that the parties have been previously advised that "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018). "When that cooperation breaks down, the district court has broad discretion

---

[1] Defendants filed a request for a page limit increase to oppose plaintiffs' motion. (ECF No. 117.) That request will be denied as unnecessary as the undersigned does not have a page limitation for briefing outside of Joint Statements re Discovery Disputes.

1

to regulate discovery conduct and, if needed, impose a wide array of sanctions." Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020). Here, that cooperation has repeatedly broken down. And the undersigned continues to be disappointed in the parties' inability to resolve their discovery disputes.

With respect to plaintiffs' motion, the motion concerns a voluminous number of documents, numbering in the thousands. According to plaintiffs' counsel at the February 18, 2022 hearing, defense counsel should have produced those document "way earlier." Although plaintiffs' counsel disagrees, the sanction plaintiffs seek for defendants' alleged conduct is extreme.

In this regard, at the February 18, 2022 hearing plaintiffs' counsel explained that in seeking sanctions they oppose the lesser sanction of extending the discovery deadline and instead seek to exclude defendants from using some of the discovery at issue at trial while permitting plaintiffs to use that same evidence if they wish. See generally Bellinger v. Deere & Co., 881 F. Supp. 813, 817 (N.D. N.Y. 1995) ("The extreme sanction of exclusion, however, should only be used where lesser sanctions would be ineffective."); Kotes v. Super Fresh Food Markets, Inc., 157 F.R.D. 18, 20 (E.D. Pa. 1994) ("The exclusion of critical evidence is an extreme sanction which is not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.").

Moreover, both plaintiffs' briefing and oral argument fail to specifically articulate any harm or prejudice suffered by plaintiffs due to defendants' alleged conduct. See generally Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982) ("Rule 37(b)(2) contains two standards—one general and one specific—that limit a district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery."); Quinn v. Consolidated Freightways Corp. of Delaware, 283 F.3d 572, 577 (3rd Cir. 2002) (court should evaluate "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of

the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with the district court's order").

In their reply, plaintiffs quote Heath v. F/V ZOLOTOI, 221 F.R.D. 545, 553 (W.D. Wash. 2004), stating "Plaintiff has been greatly prejudiced because he has proceeded through this litigation for over two years without knowledge of material information." (Pls.' Reply (ECF No. 119) at 11.) But in Heath "the trial date [was] June 1, 2004; the discovery cut-off was February 1, 2004; and the existence of the documents were not disclosed until January 23, 2004." Id. Here, it seems plaintiffs had all the discovery at issue no later than defendants' second supplemental disclosure on December 21, 2021. (Pls.' Mot. (ECF No. 115) at 6.) There is no trial date, expert discovery does not close until June 1, 2022, and defendants are willing to stipulate to "extending the discovery cut off[.]" (Defs.' Opp.'n (ECF No. 118) at 5.) Moreover, the court in Heath noted that the plaintiffs there had already hired an expert who prepared a report without the missing discovery. 221 F.R.D. at 553. That is an example of the specific articulation of prejudice that plaintiffs have failed to present here.

Additionally, in opposing plaintiffs' motion, defendants have offered an explanation for their conduct that seems substantially justified and/or harmless. See generally R & R Sails, Inc. v. Insurance Co. of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). In this regard, defendants note their initial willingness to enter into a stipulated protective order to commence the production of discovery, the challenges presented by COVID, and their attempts to resolve these disputes with plaintiffs. Defendants do acknowledge two items of evidence which clearly should have been produced earlier. (Defs.' Opp.'n (ECF No. 118) at 10.) The undersigned shares plaintiffs' concerns with respect to that discovery. However, plaintiffs have failed to specifically articulate that the sanctions they seek are justified by defendants' conduct.

////

////

**CONCLUSION**

For the reasons stated above and at the February 18, 2022 hearing, plaintiffs' motion will be denied without prejudice to renewal. If plaintiffs with to renew their motion, they should ensure their briefing and argument specifically addresses the discovery item or items at issue, the harm or prejudice suffered by plaintiffs, the sanction plaintiffs seek, and why that sanction is justified. Plaintiffs' argument would likely be helped by also narrowing the universe of discovery at issue and focusing on those items of discovery that lend the most support to their arguments.

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiffs' January 26, 2022 motion for sanctions (ECF No. 110) is denied without prejudice to renewal; and

2. Defendants' February 11, 2022 request for a page limit increase (ECF No. 117) is denied.

Dated: February 22, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/thomas0903.oah.021822

4