1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
3  Sacramento, California 95814
   Telephone:     (916) 443-6911
4  Facsimile:     (916) 447-8336
5  E-Mail:        mark@markmerin.com
                  paul@markmerin.com
6
      Attorneys for Plaintiffs
7     ESTATE OF ANTONIO THOMAS,
      TAIJAH THOMAS, TAIONNA THOMAS,
8     ANITA THOMAS, and ANTHONY WALLACE

9  **P O R T E R | S C O T T**
   A PROFESSIONAL CORPORATION
10 Carl L. Fessenden, SBN 161494
   Suli A. Mastorakos, SBN 330383
11 350 University Ave., Suite 200
   Sacramento, California 95825
12 TEL: 916.929.1481
   FAX: 916.927.3706
13
      Attorneys for Defendants
14    COUNTY OF SACRAMENTO, SACRAMENTO
      COUNTY SHERIFF'S DEPARTMENT,
15    SCOTT R. JONES, CHRISTOPHER STURGIS,
      HERMELINDO RUBIO, and GUIL MONGALO
16

17                    UNITED STATES DISTRICT COURT

18                    EASTERN DISTRICT OF CALIFORNIA

19
   ESTATE OF ANTONIO THOMAS,              No. 2:20-cv-00903-KJM-DB
20 TAIJAH THOMAS, TAIONNA THOMAS,
   ANITA THOMAS, and ANTHONY WALLACE,     **STIPULATED PROTECTIVE ORDER
21                                        RE: JOSHUA VADEN'S CUSTODY
                Plaintiffs,               AND CLASSIFICATION FILES;
22                                        ORDER**
   vs.
23
   COUNTY OF SACRAMENTO, SACRAMENTO
24 COUNTY SHERIFF'S DEPARTMENT,
   SCOTT R. JONES, CHRISTOPHER STURGIS,
25 HERMELINDO RUBIO, GUIL MONGALO,
   and DOE 4 to 50,
26
                Defendants.
27

28
   {02628213.DOC}                    1

**STIPULATED PROTECTIVE ORDER RE: JOSHUA VADEN'S CUSTODY AND CLASSIFICATION FILES**
*Estate of Thomas v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:20-cv-00903-KJM-DB

**A.      PURPOSE AND LIMITATION**

Defendants believe that the disclosure and discovery activity concerning the materials described in section C is likely to involve production of confidential or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Plaintiffs have not yet been permitted to view the materials described in section C. The parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items that are entitled to such protection under Fed. R. Civ. P. 26(c). The parties further acknowledge that this protective order does not entitle any party to file information designated as protected or confidential under seal, where E.D. Cal. L.R. 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B.      DEFINITIONS**

The following definitions shall apply to this Protective Order:

1.      The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.      "Documents" or "Confidential Documents" shall mean the documents that Defendants designate as "Confidential" and described in section C.

3.      "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4.      "Defendants" shall mean the COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, CHRISTOPHER STURGIS, HERMELINDO RUBIO, and GUIL MONGALO.

{02628213.DOC}                                          2

5.      "Plaintiffs" shall mean the ESTATE OF ANTONIO THOMAS, TAIJAH THOMAS, TAIONNA THOMAS, ANITA THOMAS, and ANTHONY WALLACE.

6.      "Parties" shall mean Plaintiffs and Defendants, identified above.

**C.      INFORMATION COVERED**

Covered Information:

Pursuant to E.D. Cal. L.R. 141.1(c)(1), a description of the information eligible for protection under this Protective Order is limited to the following:

1.      Documents which Defendants identify as "additional Custody Files of Joshua Vaden for all incarcerations in the Sacramento County Jail, Bates labeled DEFS 22218 – 22392.

2.      Documents which Defendants identify as "additional Classification Files of Joshua Vaden for all incarcerations in the Sacramento County Jail," Bates labeled DEFS 22393 – 22448.

Particularized Need for Protection:

Pursuant to E.D. Cal. L.R. 141.1(c)(2), Defendants maintain that a specific, particularized need for protection as to the information covered by this Protective Order exists. In good faith, Defendants represented to the Court that the materials designated to be covered by this Protective Order are limited solely to those which would qualify for protection under Fed. R. Civ. P. 26(c), and does not include information which has been subject to protection on a blanket or indiscriminate basis. *See*, *e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (identifying a two-part test for obtaining a protective order under Fed. R. Civ. P. 26(c)).

Showing of Need for a Protective Order:

Pursuant to E.D. Cal. L.R. 141.1(c)(3), the need for protection pursuant to this Protective Order is for the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of resources concerning a potential Fed. R. Civ. P. 26(c) motion for protective order. The entry of this Protective Order may prevent the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection under Fed. R. Civ. P. 26(c), in favor of a procedure whereby presumptive protection is afforded based on Defendants' good faith representations. *See*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the

{02628213.DOC}                                        3

party seeking the protective order; any other conclusion would turn [Fed. R. Civ. P.] 26(c) on its head."). As a result, production may be made with this Protective Order in place and, if necessary, will permit discrete and narrowed challenges to the documents covered by this Protective Order.

**D.      TERMS OF THE PROTECTIVE ORDER**

Confidential Documents subject to protection may be designated as "Confidential" by the Defendants and produced subject to the following Protective Order:

1.      The Confidential Documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.      The Parties will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

3.      The Confidential Documents may only be disclosed to the following persons:

a.      Mark E. Merin and Paul H. Masuhara of the LAW OFFICE OF MARK E. MERIN, partners and associate attorneys in that office, if any, as counsel for Plaintiffs in the case enumerated above;

b.      Carl L. Fessenden and Suli A. Mastorakos of PORTER SCOTT, partners and associate attorneys in that office, as counsel for Defendants in the case enumerated above;

c.      Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

d.      Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

e.      Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this protective order;

f.      The finder of facts at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and

g.      Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the

{02628213.DOC}                                    4

deposition in which the documents are described should also be considered confidential.

4.     Information covered by this Protective Order does not automatically entitle the Parties to file such information or documents with the Court under seal. Any request to seal documents is governed by E.D. L.R. 141. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to E.D. Cal. L.R. 141. If permission is granted, the Confidential Documents will be filed and served in accordance with E.D. Cal. L.R. 141.

5.     The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

6.     Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for

{02628213.DOC}                                             5

each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.      Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

8.      The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

9.      The protections conferred by this Protective Order cover the information defined above, as well as any information copied from the materials. However, the protections conferred by this Protective Order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

10.      After the conclusion of this litigation, the Confidential Documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

11.      This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the

{02628213.DOC}                                    6

1   Stipulated Protective Order shall continue in force as a private agreement between the parties.

2       12.     The parties may request additional records to be subject to this Stipulated Protective

3   Order. If a party believes a document to be produced should be subject to this Stipulated Protective

4   Order, the parties must meet and confer. If there is agreement, the parties shall submit an amendment to

5   this Stipulated Protective Order to identify the additional documents. If the parties cannot agree, a

6   Motion for Protective Order shall be filed accordingly.

7       13.     During the pendency of this lawsuit, the Court shall (a) make such amendments,

8   modifications and additions to this Protective Order as it may deem appropriate upon good cause shown;

9   and, (b) adjudicate any dispute arising under it.

10          IT IS SO STIPULATED.

11  Dated: February 23, 2022                    Respectfully Submitted,
                                                LAW OFFICE OF MARK E. MERIN
12

13                                                  /s/ Paul H. Masuhara
                                                    (as authorized on February 23, 2022)
14                                              By: _____
                                                    Mark E. Merin
15                                                  Paul H. Masuhara
                                                      Attorneys for Plaintiffs
16                                                    ESTATE OF ANTONIO THOMAS,
                                                      TAIJAH THOMAS, TAIONNA THOMAS,
17                                                    ANITA THOMAS, and ANTHONY WALLACE

18  Dated: February 23, 2022                    Respectfully Submitted,

19                                              P O R T E R  |  S C O T T

20                                                  /s/ Suli A. Mastorakos
                                                By: _____
21                                                  Carl L. Fessenden
                                                    Suli A. Mastorakos
22                                                    Attorneys for Defendants
                                                      COUNTY OF SACRAMENTO, SACRAMENTO
23                                                    COUNTY SHERIFF'S DEPARTMENT,
                                                      SCOTT R. JONES, CHRISTOPHER STURGIS,
24                                                    HERMELINDO RUBIO, and GUIL MONGALO

25

26

27

28

{02628213.DOC}                          7

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

////

{02628213.DOC}                                                    8

6. The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: February 24, 2022                    /s/ DEBORAH BARNES
                                            UNITED STATES MAGISTRATE JUDGE

{02628213.DOC}                              9

**STIPULATED PROTECTIVE ORDER RE: JOSHUA VADEN'S CUSTODY AND CLASSIFICATION FILES**
*Estate of Thomas v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:20-cv-00903-KJM-DB