1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF ANTONIO THOMAS, et al.,        No.  2:20-cv-0903 KJM DB

12                  Plaintiffs,

13          v.                                  ORDER

14   COUNTY OF SACRAMENTO et al.,

15                  Defendants.

16

17          On April 22, 2022, plaintiffs filed a motion for sanctions and noticed the motion for

18   hearing before the undersigned on May 6, 2022, pursuant to Local Rule 302(c)(1), which

19   concerns discovery motions.  (ECF No. 150.)  As the parties are aware, however, discovery in this

20   action is closed.  Defendants have moved before the assigned District Judge to re-open discovery,

21   and plaintiffs have opposed that request.  (ECF Nos. 143 & 145.)

22          Moreover, the sanctions plaintiffs seek include adverse jury instructions and exclusion of

23   evidence.  (ECF No. 150-1 at 20-21.)  Such sanctions are "plainly a remedy to be considered by

24   the district judge presiding over the trial."  Kaur v. City of Lodi, No. 2:14-cv-0828 GEB AC,

25   2016 WL 3019313, at *3 (E.D. Cal. May 26, 2016); see also Dagdagan v. City of Vallejo, No.

26   2:08-cv-0922 GEB KJN, 2011 WL 4825652, at *1 (E.D. Cal. Oct. 11, 2011) ("the undersigned

27   concludes that it would be more appropriate for plaintiff's motion to be heard by the trial judge,

28   United States District Judge Garland E. Burrell, Jr., as a motion in limine because the motion

                                            1

1   concerns the exclusion of testimony at trial"); <u>DeJesus v. Allied Interstate, Inc.</u>, CASE NO.: 08-

2   80566 CIV Hurley/Hopkins, 2008 WL 11331826, at *2 (S.D. Fla. Dec. 3, 2008) ("whether

3   evidence should be excluded at trial is generally a matter for the District Court to decide, and

4   usually at the time of trial"); <u>Masters v. F.W. Webb Co.</u>, No. 03-CV-6280L, 2006 WL 2604833,

5   at *2 n.2 (W.D. N.Y. Sept. 11, 2006) ("To the extent that Masters's motion could be read to seek

6   an order in limine precluding defendants from offering any such evidence at trial, such request is

7   denied as premature and is reserved for the district court.").

8            Accordingly, IT IS HEREBY ORDERED that:

9       1.  Plaintiffs' April 22, 2022 motion for sanctions (ECF No. 150) is denied without

10  prejudice; and

11      2.  The May 6, 2022 hearing of plaintiffs' motion is vacated.

12  Dated:  May 3, 2022

13

14                                                        _____

15                                                        DEBORAH BARNES
                                                          UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22  DLB:6
    DB/orders/orders.civil/thomas0903.sanct.mot.den
23

24

25

26

27

28

2