1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF ANTONIO THOMAS, et al.,          No.  2:20-cv-0903 KJM DB

12                   Plaintiffs,

13          v.                                  ORDER

14   COUNTY OF SACRAMENTO et al.,

15                   Defendants.

16

17          "The discovery process in theory should be cooperative and largely unsupervised by the

18   district court."  Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018).

19   That theory has certainly been disproven in this action, which has again and again come before

20   the undersigned for resolution of discovery disputes.  The most recent disputes include three

21   motions noticed for hearing before the undersigned on May 13, 2022: defendants' renewed

22   motion for a protective order, defendants' motion for a protective order, and plaintiffs' motion to

23   modify the protective order.  (ECF Nos. 137, 138, & 144.)

24          As the parties are well aware, the undersigned's Standard Information re discovery

25   disputes set forth on the court's web page explains that a joint statement filed before the

26   undersigned shall not exceed twenty-five pages, excluding exhibits.[1]  See

27   _____

28   [1] The parties are advised that title pages, tables of contents, tables of citations, etc., all count
     toward the twenty-five-page limit.

                                                 1

http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.  The parties have filed a joint statement for each of the three pending motions, numbering between 20 and 26 pages each.  (ECF Nos. 156, 157, & 160.)  The undersigned will not permit the parties to exceed the page limitation by filing multiple joint statements for hearing on the same calendar when they could not do so if the briefing was contained in a single joint statement.

Accordingly, the parties' motions will be denied without prejudice to renewal.  The parties may elect to re-notice each motion of a different available law and motion calendar.  And in an effort to aid the parties in trimming the length of their joint statements and perhaps narrow their disputes, the undersigned provides the following helpful information.  Discovery in this action has closed.  (ECF No. 143.)  Therefore, with respect to discovery that has not been produced there is nothing for the undersigned to compel, and thus nothing for the undersigned to protect from production.

More generally, while the parties' briefing should allege specific facts from which the undersigned can determine that the parties have complied with the applicable meet and confer requirements, the undersigned does not require a lengthy recounting of the history of the parties' conferences.  Nor is resolution of the parties' dispute served by global arguments, supported by boilerplate law, and vague reference to various discovery items.

Instead, the parties briefing should focus on addressing with particularity an identified document or category of documents at issue.  The parties should then tailor their arguments to addressing the specific document at issue.  If the parties cannot do so within the given page limitation, then they should either narrow their dispute, or notice another motion for hearing on another day.

Finally, the undersigned notes that one joint statement makes reference to documents that were "logged with the Court for *in-camera* review."  (ECF No. 160 at 4.)  "In Camera review is not generally favored" and "the court should not conduct such a review solely because a party begs it to do so.  Nishika, Ltd. v. Fuji Photo Film Co., Ltd., 181 F.R.D. 465, 467 (D. Nev. 1998).  "In camera review should not replace the effective adversarial testing of the claimed privileges

and protections." <u>Diamond State Ins. Co. v. Rebel Oil Co., Inc.</u>, 157 F.R.D. 691, 700 (D. Nev. 1994). The undersigned has no intention of reviewing a document in camera in the absence of the parties' satisfying their obligations.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' March 29, 2022 renewed motion for protective order (ECF No. 137), is denied without prejudice to renewal;

2. Defendants' March 30, 2022 motion for a protective order (ECF No. 138) is denied without prejudice to renewal;

3. Plaintiffs' April 8, 2022 motion to modify protective orders (ECF No. 144) is denied without prejudice to renewal; and

4. The May 13, 2022 hearing of these motions is vacated.

DATED: May 10, 2022                      /s/ DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/thomas0903.mulit.js.ord

3