UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of Antonio Thomas, et al., | No. 2:20-cv-00903-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

The plaintiffs in this action request leave to further amend their complaint. As explained below, they have not shown good cause for their delay in seeking leave to amend, so the motion is **denied**.

The court described the plaintiffs' allegations in a previous order. *See* Prev. Order, ECF No. 76. To summarize, this is a civil rights action concerning the defendants' alleged failure to prevent the death of Antonio Thomas at the hands of another inmate. *See generally* First Am. Compl., ECF No. 79. Mr. Thomas's estate and family sued the County of Sacramento, the Sheriff's Department, the Sheriff, and several Doe defendants in this court. *See generally id.* They recently amended their complaint to add claims against two Sheriff's Deputies. *See generally* Prev. Order. They now request leave to further amend their complaint to allege the Sheriff's Department has a policy of unreasonably delaying investigations into inmate injuries and deaths. *See generally* Mot. Am., ECF No. 81. The defendants oppose this request. *See*

1

*generally* Opp'n, ECF No. 100.  The motion is fully briefed and the court submitted it without oral argument.  *See generally* Reply, ECF No. 105; Min. Order, ECF No. 103.

The time for amendments to the pleadings in this action has passed.  *See* Mins., ECF No. 14; Standing Scheduling Order, ECF No. 16; Stip. & Order, ECF No. 63.  The court thus considers first whether the plaintiffs have shown "good cause" to modify the court's scheduling orders under Rule 16.  *See* Prev. Order at 2.  That requirement focuses primarily on their diligence and their reasons for not acting sooner.  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)), *aff'd on unrelated question sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

The plaintiffs have not demonstrated diligence.  They could have sought leave to amend their complaint to assert a theory about delayed investigations many months ago, but they did not.  It has been more than a year since the defendants first informed the plaintiffs about the policies that are the target of the amendments in question, and several months have passed since the defendants updated their original discovery responses.  *See* Mem. at 3–4, ECF No. 81-1 (summarizing interrogatory responses in which defendants cited delays in their investigations in November 2020 and April 2021).  A party cannot normally show "good cause" to permit late amendments to the pleadings if it was "aware of the facts and theories supporting amendment" long ago.  *In re W. States*, 715 F.3d at 737 (citation omitted).

The plaintiffs argue the court should excuse their delay because they were already pursuing a different motion for leave to amend and did not want to file a second motion until the court resolved the first.  *See* Mem. at 7.  This argument has two problems.  First, the plaintiffs could have pursued both amendments in the same motion; they had the defendants' original interrogatory responses at the time they filed their first motion.  Second, the plaintiffs could also have pursued both amendments concurrently without risking inefficiencies.  For example, they could have withdrawn their first motion and then filed a revised motion seeking both amendments.

/////

      The plaintiffs also offer a different argument for the first time in their reply: they contend Rule 16 is irrelevant because they are not seeking to amend their complaint under Rule 15(a), but rather to supplement their claims under Rule 15(d).  *See* Reply at 1–2.  This court "need not consider arguments raised for the first time in a reply brief" and declines to do so now. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  But even if the plaintiffs had properly included this argument in their original motion, they likely would have fallen short of Rule 15(d).  The proposed "supplemental" allegations do not relate to events "that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  The "pleading to be supplemented" is the First Amended Complaint, which was filed in November 2021, ECF No. 79, and the plaintiffs' new allegations cite events in 2019, *see* Mem. at 1–2.

      Because the plaintiffs have not shown good cause to permit an amendment, the court does not consider whether that amendment would meet the standard of Rule 15.  *See Johnson*, 975 F.2d at 609–10.

      The motion for leave to amend (ECF No. 81) is **denied**.

IT IS SO ORDERED.

DATED:  June 13, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE